**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

MABE BRASIL ELETRODOMÉSTICOS LTDA.                    Chapter 15

    Debtor in a Foreign Proceeding.                    Case No.:

_____/

**VERIFIED MOTION FOR ORDER GRANTING**
**RECOGNITION OF FOREIGN MAIN PROCEEDING**
**PURSUANT TO §§ 1515 AND 1517 OF THE BANKRUPTCY CODE**

Capital Administradora Judicial Ltda. (the "Foreign Representative" or "CAJ"), the duly appointed judicial administrator of Mabe Brasil Eletrodomésticos Ltda. ("MABE"), represented by Luis Claudio Montoro Mendes  and Carolina Merizio Borges de Olinda, files this *Verified Petition for Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code* (the "Verified Motion"), seeking entry of an Order granting (i) recognition of MABE's court-approved liquidation pending before the 2nd Lower Judicial Branch of Hortolândia, São Paulo (the "Brazilian Court"), Case No.  0005814-34.2013.8.26.0229 (the "Brazilian Proceeding"), pursuant to 11 U.S.C. § 1517[1]; (ii) related relief pursuant to sections 1520 and 1521 of the Bankruptcy Code; and (iii) any other and further relief which may be available under the Bankruptcy Code.  In support of the Verified Motion, the Foreign Representative respectfully states as follows:

**PRELIMINARY STATEMENT**

1.    The Foreign Representative files the Verified Chapter 15 Petition for Recognition

_____

[1] Unless otherwise specified herein, all statutory references shall be to Title 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

SEQUOR LAW, P.A.

of a Foreign Proceeding (the "Petition") pursuant to section 1504 of the Bankruptcy Code seeking recognition of the Brazilian Proceeding as a "foreign main proceeding" as defined in section 1502(4).

2.      The Declaration of Luis Claudio Montoro Mendes (the "Declaration"), made under penalty of perjury, addressing the requirements of § 1515(c) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 1007(a)(4), is attached hereto as **Exhibit "A".**

3.      The May 7, 2013 order of the Brazilian Court commencing the reorganization proceeding of MABE and appointing Eliane Gonsalves as MABE's judicial administrator is attached as **Exhibit "B".**

4.      The March 14, 2014, order of the Brazilian court replacing Ms. Gonsalves with Capital Consultoria e Assessoria Ltda. as the new judicial administrator is attached hereto as **Exhibit "C".**

5.      The April 21, 2015 petition for substitution of judicial administrator, and the November 11, 2015 order of the Brazilian Court appointing CAJ as the new judicial administrator is attached hereto as **Exhibit "D".**

6.      The February 10, 2016 order of the Brazilian Court declaring the bankruptcy of MABE is attached hereto as **Exhibit "E".**

7.      The MABE's Statement of Corporate Ownership under Fed. R. Bankr. P. 1007(a)(4) and 7007.1 is attached hereto as **Exhibit "F"** and is being filed concurrently with this Verified Motion.

8.      The Petition, this Verified Motion, and the accompanying Declaration demonstrate that the Brazilian Proceeding should be recognized as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

SEQUOR LAW, P.A.

Page **2** of **9**

9. The Foreign Representative seeks the type of relief that Chapter 15 was designed to provide, and the Brazilian Proceeding and this Petition meet all the requirements for recognition and the requested relief.

## JURISDICTION AND VENUE

10. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 of the Bankruptcy Code.

11. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(P), and the Court may enter a final order consistent with Article III of the United States Constitution.

12. MABE's center of main interests is in Brazil, as it is incorporated in Brazil and had its headquarters, owned two factories, and employed over one hundred employees in Brazil. Moreover, most of MABE's creditors have filed claims in the Brazilian Proceeding.

13. Venue is proper in this district under 28 U.S.C. § 1410 as, among other things, MABE holds in this district approximately $1,500 deposited on retainer with Sequor Law, P.A.

## BACKGROUND

*Appointment of Foreign Representative and Procedural History*

14. On May 3, 2013, MABE filed a petition for judicial reorganization before the Brazilian Court, on the ground that it was experiencing a financial crisis. MABE's petition was granted on May 7, 2013, and the Brazilian Court appointed Eliane Gonsalves to serve as MABE's judicial administrator. Declaration, ¶3.

15. On March 14, 2014, the Brazilian Court replaced Ms. Gonsalves with Capital Consultoria e Assessoria Ltda., and on November 11, 2015, Capital Consultoria e Assessoria Ltda. was replaced with Capital Administradora Judicial Ltda. CAJ is represented by Luis Claudio Montoro Mendes and Carolina Merizio Borges de Olinda. Declaration, ¶4.

16. On December 18, 2015, MABE ceased operations. Thereafter, Foreign Representative filed a petition to convert the reorganization into a liquidation proceeding. The Brazilian Court granted Foreign Representative's petition and declared MABE bankrupt on February 10, 2016. Declaration, ¶5.

17. In its February 10, 2016 order, the Brazilian Court declared MABE bankrupt on February 10, 2016, stayed all actions against MABE, prohibited the sale or disposition of MABE's assets absent court authorization, prohibited MABE's shareholders from leaving the jurisdiction without good cause and notifying the Brazilian Court, and ordered MABE's shareholders to disclose their assets as required under Brazilian law. Declaration, ¶16.

*MABE's Business and Operations*

18. MABE was a Brazilian company formed in 1943, which was in the business of manufacturing home appliances, such as, but not limited to, refrigerators, ovens, and washing machines. Its headquarters were located at Caminho Willi Paul Baranski, S/N Parque Industrial, Chacaras Acarai – CEP 13187-000, Hortolandia-São Paulo. MABE owned and operated two manufacturing factories in Brazil and was a major manufacturer and exporter of home appliances from Brazil abroad. Declaration, ¶8.

19. Although MABE's shareholders have fluctuated since the company's formation, MABE's shareholders at the time it presented its petition for reorganization were as follows:

| Shareholder | Percentage |
|---|---|
| Mabe Mercosur Participações Ltda. | 59.34% |
| Exinmex S.A. de CV | 21.1% |
| Jobelpa USA LLC (US) | 8.67% |
| DO Paiol International LLC | 6.3% |

| | |
|---|---|
| Camburi International LLC | 3.37% |
| Cocinas Mabe S.A. de CV | 1.22% |

Declaration, ¶13.

20.    Upon information and belief, Mabe Mercosur Participações Ltda. is beneficially owned by MABE S.A. de CV ("MABE Mexico"). Declaration, ¶10.

21.    Between January 2014 and 2016, in the midst of an economic crisis, MABE incurred debts of R$25,000,000.00 (approximately US$ 7,735,148.00), failed to pay its creditors, and ceased operations on December 18, 2015. Declaration, ¶15.

22.    MABE Mexico seems to have been controlling the management and operations of MABE. Indeed, based on Foreign Representative's ongoing investigations into the business affairs of MABE, it appears that MABE Mexico structured MABE's business in such a way such that MABE received minimal to no profits due to the activities of its exporting division, while MABE Mexico, which sold MABE's products in the international market, siphoned most of the profits from the business to itself. Thus, MABE Mexico appears to have maximized its profits at the expense of MABE's. Declaration, ¶17.

23.    Foreign Representative estimates MABE has approximately 3,400 creditors and liabilities of approximately R$1,152,519,748.65 (or approximately US$368,794,598.44). Declaration, ¶18.

24.    Consequently, Foreign Representative seeks recognition under Chapter 15 of the Bankruptcy Code to investigate the business and affairs of MABE for purpose of recovering assets for the benefit of the creditors, including possibly pursuing any available causes of action. Declaration, ¶¶20-24.

## BASIS FOR RECOGNITION

25.    The Foreign Representative has satisfied each of the requirements for recognition of the Brazilian Proceeding and the Foreign Representative under Chapter 15 of the Bankruptcy Code, as follows:

(a)    The Foreign Representative qualifies as a "foreign representative" under section 101(24) of the Bankruptcy Code by virtue of its appointment as judicial administrator by the Brazilian Court in the Brazilian Proceeding, which grants it the power to, among other things, administer and supervise the liquidation of MABE's assets on behalf of the estate's creditors, to investigate the actual causes of the liquidation, and when necessary, after being authorized by the judge, to pursue causes of action for the benefit of creditors. The Foreign Representative may also file auxiliary insolvency proceedings abroad and be recognized as the foreign representative for the liquidation of MABE under the laws of Brazil.

(b)    The Brazilian Proceeding qualifies as a "foreign proceeding" under section 101(23) of the Bankruptcy Code because it is a judicial proceeding pending in a Brazilian court under the bankruptcy laws of Brazil for the purpose of liquidation. See Ex. E.

(c)    The Brazilian Proceeding further qualifies as a "foreign main proceeding" because the Brazilian Proceeding is a foreign proceeding pending in São Paulo, Brazil, which is MABE's center of main interest.

(d)    To the extent section 109(a) of the Bankruptcy Code applies in Chapter 15 cases, MABE qualifies as a "debtor" under section 109(a) because MABE is the subject of a foreign proceeding and has assets in the United States, which include a retainer on deposit with the law firm Sequor Law, P.A.

(e)    Lastly, this Verified Motion is accompanied by the Brazilian Court's order

SEQUOR LAW, P.A.                                    Page **6** of **9**

granting the court-approved liquidation of MABE and appointing the Foreign Representative as judicial administrator. See Ex. E. Further, the Statements required by Rule 1515(c) and Fed. R. Bankr. P. 1007(a)(4) are being filed together herewith.

## RELIEF REQUESTED

26.   By this Verified Motion, the judicial administrator requests an Order pursuant to sections 105(a), 1507, 1517, 1520 and 1521 of the Bankruptcy Code, substantially in the form of the Proposed Order, attached hereto as **Exhibit "G"**, granting the following relief:

(a)   Recognizing the Brazilian Proceeding as a "foreign main proceeding" and the judicial administrator, Capital Administradora Judicial Ltda., as the Foreign Representative of MABE;

(b)   Granting the relief allowable as of right upon recognition of a foreign main proceeding under section 1520 of the Bankruptcy Code;

(c)   Granting the following additional relief under section 1521 of the Bankruptcy Code:

(1)   staying the commencement or continuation of any action or proceeding without the consent of the Foreign Representative concerning rights, obligations or liabilities of MABE and MABE's estate to the extent not stayed under section 1520(a) of the Bankruptcy Code;

(2)   staying execution against MABE, to the extent not stayed under § 1520(a);

(3)   suspending the right to transfer or otherwise dispose of any assets of MABE to the extent this right has not been suspended under section 1520(a);

(4)   providing for the examination of witnesses, the taking of evidence, and the delivery of information concerning the assets, affairs, rights, obligations or liability of MABE and

MABE's estate under § 1521(a)(4), the Federal Rules of Bankruptcy Procedure, including Fed. R. Bankr. P. 2004, and Local Rule 2004-1;

(5)     entrusting the administration or realization of all of the assets of MABE within the territorial jurisdiction of the United States to the Foreign Representative;

(6)     entrusting the distribution of all or part of the assets of MABE located within the United States to Foreign Representative;

(7)     otherwise granting comity to and giving full force and effect to the Orders of the Brazilian Court, including, without limitation, those attached hereto as **Exhibits "B", "C", "D", and "E"** and

(d)     granting the Foreign Representative such other and further relief as this Court may deem just and proper.

## CONCLUSION

WHEREFORE, the judicial administrator respectfully requests that the Court enter an Order granting the relief requested herein and such other and further relief as the Court deems just and proper.

## 28 U.S.C. § 1746 VERIFICATION

I verify under penalty of perjury under the laws of the United States of America that the foregoing Verified Motion is true and correct.

Executed in ___SÃO PAULO___ on September 28th, 2017

Luis Claudio Montoro Mendes on behalf of Capital Administradora Judicial Ltda., Foreign Representative of Mabe Brasil Eletrodomésticos Ltda., company in court-approved liquidation.

Dated: September _, 2017

Respectfully submitted,

**SEQUOR LAW, P.A.**
1001 Brickell Bay Dr., 9th Floor
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202
Email: aescobar@sequorlaw.com
cvicens@sequorlaw.com

By: /s/ Annette C. Escobar
Annette C. Escobar
Florida Bar No.: 369380
Cristina Vicens Beard
Florida Bar No.: 111357

*Exhibit A*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

MABE BRASIL ELETRODOMÉSTICOS LTDA.

Chapter 15

Debtor in a Foreign Proceeding.

Case No.:

_____/

## DECLARATION OF LUIS CLAUDIO MONTORO MENDES IN SUPPORT OF CHAPTER 15 PETITION FOR RECOGNITION OF A FOREIGN PROCEEDING

I, Luis Claudio Montoro Mendes, hereby declare under penalty of perjury under the laws of the United States as follows:

1.     I am over the age of 18 and I am competent to make this Declaration. All statements contained herein are true and correct to the best of my knowledge and belief, my review of the relevant documents and from conversations with relevant personnel. If called upon, I could testify as to all matters set forth in this Declaration based upon my own personal knowledge, except for those portions specified as being otherwise.

2.     This Declaration is submitted in support of the Chapter 15 Petition for Recognition of a Foreign Proceeding (the "Petition") and the Verified Motion for Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code (the "Verified Motion"),[1] seeking entry of an Order granting (i) recognition of the Brazilian Proceeding as a "foreign main proceeding" pursuant to section 1517 of the Bankruptcy Code; (ii) related relief under sections 1520 and 1521; and (iii) other applicable relief under the Bankruptcy Code.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Verified Motion being filed together herewith.

Page **1** of **8**

3.     On May 3, 2013, Mabe Brasil Eletrodomésticos Ltda. ("MABE" or "Debtor") filed a petition for judicial reorganization before the 2nd Lower Judicial Branch of Hortolândia, São Paulo (the "Brazilian Court"), on the basis that it was in the midst of a financial crisis.

4.     The Brazilian Court granted MABE's petition for reorganization and appointed Eliane Gonsalves as judicial administrator on May 7, 2013. On March 14, 2014, the Brazilian Court replaced Ms. Gonsalves with Capital Consultoria e Assessoria Ltda., which I represented. Subsequently, on April 21, 2015, I requested that Capital Consultoria e Assessoria Ltda. be substituted as judicial administrator with another company, CAPITAL ADMINISTRADORA JUDICIAL LTDA. ("CAJ"), which I also represent. On November 11, 2015, the Brazilian Court granted the petition for substitution of judicial administrator and appointed CAJ as MABE's judicial administrator. My partner, Carolina Merizio Borges de Olinda, and I both represent CAJ, the current judicial administrator for MABE.

5.     MABE ceased to operate on December 18, 2015. I thereafter filed a petition to convert the reorganization into a liquidation proceeding because of MABE's breach of the reorganization plan and its inability to pay its debts as they became due. My petition was granted, and MABE was adjudicated bankrupt on February 10, 2016 (the "Brazilian Proceeding").

6.     As judicial administrator of MABE, I have the power to, amongst other things, administer and supervise the liquidation of MABE's assets, investigate the actual causes of the liquidation, and when necessary, after being authorized by the judge, pursue causes of action for the benefit of creditors. I have authority to act as MABE's foreign representative to seek Chapter 15 recognition of the Brazilian Proceeding or any other auxiliary proceedings abroad, as granted by the September 18, 2017 order.

7.     For the reasons set forth below, I am advised of the following: (i) that I am a duly

appointed "foreign representative" of the Brazilian Proceeding and that the Brazilian Proceeding constitutes a "foreign proceeding" within the meaning of subsections 101(23) and (24) of the Bankruptcy Code, respectively; (ii) that this case was properly commenced in accordance with the requirements of the Bankruptcy Code; and (iii) that the Brazilian Proceeding satisfies all the requirements to be recognized as a "foreign main proceeding" under Chapter 15 of the Bankruptcy Code.

## BACKGROUND

8.    MABE is a Brazilian company formed in 1943 that was in the business of manufacturing home appliances, such as, but not limited to, refrigerators, ovens, and washing machines. Its headquarters were located at Caminho Willi Paul Baranski, S/N Parque Industrial, Chacaras Acarai – CEP 13187-000, Hortolandia-São Paulo.  MABE owned and operated two manufacturing factories in Brazil and was a major manufacturer and exporter of home appliances from Brazil abroad.

9.    As of August 2009, MABE was owned by Exinmex C.V., a Mexican company and its sole shareholder, with shareholder capital of approximately $880,753,100.00 Reals ("R$") (or approximately US$272,510,241.00). In January of 2010, three companies became shareholders of MABE: Camburi Administrador de Bens S.A., Jobelpa S.A., and D.O. Paiol S.A., such that Exinmex´s share of the company was reduced to 76%.

10.    In January of 2011, Mabe Mercosur Participações Ltda. ("Mabe Mercosur") and C&I Investimentos e Participações S.A. also became shareholders of MABE.  Mabe Mercosur, in turn, is beneficially owned by MABE S.A. de CV ("MABE Mexico"). C&I Investimentos e Participações S.A. was replaced in June of 2011 by C&I Investimentos e Participações Ltda.[2]

---

[2] Beneficially owned by the General Electric group.

11.     In August of 2012, Cocinas Mabe S.A. de C.V. ("Cocinas Mabe") also became a shareholder of Debtor.

12.     In October of 2012, Camburi Administrador de Bens S.A., Jobelpa S.A., and D.O. Paiol S.A. were replaced by similarly named entities established in the United States: Camburi International, LLC ("Camburi"), Jobelpa USA LLC ("Jobelpa"), and D.O. Paiol International LLC ("Paiol"). Camburi's, Jobelpa's, and Paiol's principal place of business is at 1395 Brickell Avenue, 14th Floor, Miami, Florida 33131, according to the records maintained by the Division of Corporations of the Florida Department of State. Camburi, Jobelpa, and Paiol withdrew as shareholders of MABE in or about November of 2013.

13.     Although MABE's shareholders have fluctuated since the company's formation, MABE's shareholders at the time it presented its petition for reorganization were as follows:

| Shareholder | Percentage |
|---|---|
| Mabe Mercosur Participações Ltda. | 59.34% |
| Exinmex S.A. de CV | 21.1% |
| Jobelpa USA LLC (US) | 8.67% |
| DO Paiol International LLC | 6.3% |
| Camburi International LLC | 3.37% |
| Cocinas Mabe S.A. de CV | 1.22% |

14.     As stated above, in May of 2013, the Brazilian Court granted MABE's petition for reorganization and appointed a judicial administrator to oversee the reorganization. In January of 2014, the Brazilian Court approved a Plan of Reorganization proposed by MABE, which required, among other things, that MABE disclose its creditors and other financial records and that it make certain payments to its creditors.

15.     Between January of 2014, when the Brazilian Court approved MABE's Plan of Reorganization, and 2016, MABE incurred R$25,000,000.00 (approximately US$ 7,735,148.00) of additional debt.  As a result, MABE was unable to pay its debts as they became due, breaching the Plan of Reorganization previously approved by the Brazilian Court, and ceased operations on December 18, 2015. I subsequently sought to convert the reorganization proceeding into a liquidation proceeding.

16.     With MABE's consent, the Brazilian Court declared MABE bankrupt on February 10, 2016, stayed all actions against MABE, prohibited the sale or disposition of MABE's assets absent court authorization, prohibited MABE's shareholders from leaving the jurisdiction without good cause and notifying the Brazilian Court, and ordered MABE's shareholders to disclose their assets as required under Brazilian law.

17.     Based on my investigation to date, it appears that MABE Mexico controlled the management and operations of MABE. In fact, my ongoing investigation has revealed that MABE Mexico structured MABE's business in such a way such that MABE received minimal to no profits due to the activities of its exporting division while MABE Mexico, which sold MABE's products in the international market, siphoned most of the profits from the business to itself. Thus, MABE Mexico appears to have maximized its profits at the expense of MABE.

18.     Based on my investigation, MABE has approximately 3,400 creditors, who have made claims against MABE of approximately R$1,152,519,748.65 (or approximately US$368,794,598.44).

19.     Because my investigation is ongoing, I am not yet able to ascertain the total value and/or location of MABE's assets.

## MABE's Grounds for Recognition

20.     As judicial administrator, I am bestowed with the power to, among other things, investigate the business and affairs of MABE for purpose of recovering assets for the benefit of the creditors. This includes pursuing any available causes of action. To that end, as explained by certain examples set forth below, I have learned of several individuals and companies that have engaged in transactions with MABE or other related entities.

21.     I am seeking recognition to, among other things, obtain documentary and testimonial evidence from witnesses in furtherance of my investigative and asset recovery efforts as part of the Brazilian Proceeding. Specifically, I have identified particular individuals and entities in the United States, including MABE's former shareholders, headquartered in Miami, Florida, which I believe have worked for, rendered services for, and/or have facilitated MABE's operations, and as a result, possess information and documents relevant to my ongoing investigation and recovery efforts.

22.     Upon information and belief, some of MABE's assets were transferred to MABE's former shareholders located in Miami, Florida, as well as other U.S. entities. As a result, I need to investigate the nature and extent of any activities undertaken in the United States, including those described above, that may be related to MABE and to the assets of MABE. Also, I need to investigate the possibility that assets in the United States may have been acquired using funds of MABE.

23.     Thereafter, I hope to make recoveries to the extent possible, including by filing actions and asserting such proprietary claims as may be available to me in the United States. I may also bring claims against any third parties that are subject to suit and may have damaged or owe money to MABE in the United States, which may be subject to tracing claims.



24.     The result of the actions described above for which recognition of the Brazilian Proceeding is sought will benefit the creditors because such recognition will permit creditors of MABE further recovery opportunities in order to collect on their claims.

### Compliance with Federal Rule of Bankruptcy Procedure 1007(a)(4)

25.     Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(4), I hereby disclose the following information:

a.  I, Luis Claudio Montoro Mendes, am the duly appointed "judicial administrator" in the Brazilian Proceeding and the authorized foreign representative of MABE;

b.  My address is as follows:

> Luis Claudio Montoro Mendes
> Capital Consultoria e Assessoria Ltda.
> Rua Silvia n°110 – Cj. 152
> Bela Vista, São Paulo, Brazil

For purposes of this Bankruptcy Case, I respectfully request that any correspondence be sent, in addition to the address provided above to:

> Attn:  Annette C. Escobar
> Cristina Vicens Beard
> Sequor Law, P.A.
> 1001 Brickell Bay Drive, 9th Floor
> Miami, Florida 33131

c.  MABE is not a party to any other litigation in the United States.

d.  No provisional relief is being sought under 11 U.S.C. § 1519 against any particular entity or person at this time. However, as foreign representative of MABE, the judicial administrator reserves the right to seek provisional relief as needed.

## Section 1515(c) Statement

26.     Other than this Chapter 15 Petition, I am not aware of any foreign proceedings of MABE, as that term is defined under section 101(23) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 28 of September, 2017

Luis Claudio Montoro Mendes

Foreign Representative of Mabe Brasil
Eletrodomésticos Ltda., company in court-approved
liquidation.

*Exhibit B*

fls. 17

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SUMARÉ
FORO DISTRITAL DE HORTOLÂNDIA
2ª VARA
Rua Sebastião Custódio de Oliveira, 20, Remanso Campineiro - CEP
13184-507, Fone: (19) 3809-0861, Hortolândia-SP - E-mail:
hortolandia1@tjsp.jus.br

| DECISÃO |
| --- |

| | |
| --- | --- |
| Processo nº: | **0005814-34.2013.8.26.0229** |
| Classe - Assunto | **Recuperação Judicial - Recuperação judicial e Falência** |
| Requerente: | **Mabe Brasil Eletrodomésticos Ltda** |
| Tipo Completo da Parte Passiva Principal << Nenhuma informação disponível >>: | **Nome da Parte Passiva Principal << Nenhuma informação disponível >>** |

Juiz(a) de Direito: Dr(a). **Cinthia Elias de Almeida**

Vistos.

A **MABE BRASIL ELETRODOMÉSTICOS LTDA.** requereu a recuperação judicial, em 03/05/2013.

O pedido esta em termos para ter o seu processamento deferido, já que presentes os requisitos legais (arts. 47, 48 e 51 da Lei 11.101/2005), verificando-se a "crise econômico-financeira" da devedora.

Pelo exposto, nos termos do art. 52 da Lei 11.101/2005, **DEFIRO** o processamento da recuperação judicial da sociedade empresarial **MABE BRASIL ELETRODOMÉSTICOS LTDA.** , CNPJ n. 60.736.279/0001-06.

1) Nomeio como administradora judicial (art. 52, I, e art. 64, LRF) Eliane Gonsalves, OAB 110.320 com endereço na Av. Dr. Campos Sales, 890- cjs. 1.606/1.607, 16º andar, Centro, Campinas, para fins do art. 22, III, devendo ser intimada para que em 48 (quarenta e oito) horas assine o termo de compromisso, pena de substituição (arts. 33 e 34, LRF);

1.1) Deve a administradora judicial informar o juízo a situação da empresa em 10 dias, para fins do art. 22, II, "a" (primeira parte) e "c", da Lei n. 11.101/05.

1.2) Caso seja necessário a contratação de auxiliares (contador, advogados etc) deverá apresentar o contrato.

2) Nos termos do art. 52, II, da Lei 11.101/2005, determino a "dispensa da apresentação de certidões negativas para que o devedor exerça suas atividades, exceto para contratação com o Poder Público ou para recebimento de benefícios ou incentivos fiscais ou creditícios", no caso, a devedora, observando-se o art. 69 da LRF, ou seja, que o nome empresarial seja seguido da expressão "em Recuperação Judicial", oficiando-se, inclusive, à JUCESP para as devidas anotações.

3) Determino, nos termos do art. 52, III, da Lei 11.101/2005, "**a suspensão de todas as ações ou execuções contra o devedor**", na forma do art. 6º da

SANDRA REGINA MATTOS RUDZIT
Tradutora Pública
Intérprete Comercial
São Paulo

**Processo nº 0005814-34.2013.8.26.0229 - p. 1**

Este documento é cópia do original, assinado digitalmente por CINTHIA ELIAS DE ALMEIDA, liberado nos autos em 09/05/2013 às 00:00.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 0005814-34.2013.8.26.0229 e código 6D000000L0GP1.

fls. 18



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SUMARÉ
FORO DISTRITAL DE HORTOLÂNDIA
2ª VARA
Rua Sebastião Custódio de Oliveira, 20, Remanso Campineiro - CEP
13184-507, Fone: (19) 3809-0861, Hortolândia-SP - E-mail:
hortolandia1@tjsp.jus.br

LRF, devendo permanecer "os respectivos autos no juízo onde se processam, ressalvadas as ações previstas nos §§ 1º, 2º e 7º do art. 6º dessa Lei e as relativas a créditos excetuados na forma dos §§ 3º e 4º do art. 49 dessa mesma Lei", providenciando a **devedora** as comunicações competentes (art. 52, § 3º).

4) Determino, nos termos do art. 52, IV, da Lei 11.101/2005, à devedora a "apresentação de contas demonstrativas mensais enquanto perdurar a recuperação judicial, sob pena de destituição de seus administradores".

5) Expeça-se comunicação, **por carta**, às Fazendas Públicas Federal e de todos os Estados e Municípios em que a devedora tiver estabelecimentos (LRF, art. 52, V), providenciando ela os respectivos endereços, no prazo de 10 dias, bem como o encaminhamento das cartas.

6) O prazo para **habilitações ou divergências aos créditos relacionados** (pela devedora) é de 15 (quinze) dias a contar da publicação do respectivo edital (LRF, art. 7º, § 1º).

Dessa maneira, expeça-se o edital a que se refere o art. 52, § 1º, da LRF, onde, para conhecimento de todos os interessados, deverá constar, também, o passivo fiscal, com advertência dos prazos dos art. 7º, § 1º, e art. 55, da LRF, **providenciando a devedora a sua publicação, no prazo de 10 dias**, observando-se o art. 191 da LRP.

A devedora deve providenciar a publicação dos editais no Diário Oficial Eletrônico do Tribunal de Justiça e em jornal de grande circulação.

7) Eventuais habilitações ou divergências quanto aos créditos relacionados pelas devedoras (art. 7º, § 2º), que são dirigidas à administradora judicial, **deverão ser protocoladas no Ofício da 2ª Vara do Foro Distrital de Hortolândia**, na Rua Sebastião Custódio de Oliveira, 20, Remanso Campineiro, Hortolândia/SP, de segunda a sexta-feira, no horário de atendimento ao público, que cuidará de entregar à administradora judicial.

Observo, neste tópico, em especial quanto aos créditos trabalhistas, que para eventual divergência ou habilitação é necessário que exista sentença trabalhista líquida e exigível (com trânsito em julgado), competindo ao MM. Juiz do Trabalho eventual fixação do valor a ser reservado.

Habilitações retardatárias estão sujeitas ao pagamento das custas processuais.

8) O plano de recuperação judicial deve ser apresentado no prazo de 60 dias, na forma do art. 53, sob pena de convolação da recuperação judicial em falência.

Com a apresentação do plano, expeça-se o edital contendo o aviso do art. 53, parágrafo único, da Lei n. 11.101/05, com prazo de 30 dias para as objeções, independentemente da publicação do quadro de credores da administradora judicial. Desse edital deverá constar o local em que **a devedora viabilizará o acesso e cópias do plano de recuperação judicial (a própria empresa ou escritório de seus advogados).**

9) Caso ainda não tenha sido publicada a lista de credores pela administradora judicial, a legitimidade para apresentar tal objeção será daqueles que já constam do edital da devedora e que tenham postulado a habilitação de crédito.

SANDRA REGINA MATTOS RUDZIT
Tradutora Pública
Intérprete Comercial
São Paulo

**Processo nº 0005814-34.2013.8.26.0229 - p. 2**

Este documento é cópia do original, assinado digitalmente por CINTHIA ELIAS DE ALMEIDA, liberado nos autos em 09/05/2013 às 00:00. Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 0005814-34.2013.8.26.0229 e código 6D0000000LGP1.

fls. 19



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SUMARÉ
FORO DISTRITAL DE HORTOLÂNDIA
2ª VARA
Rua Sebastião Custódio de Oliveira, 20, Remanso Campineiro - CEP
13184-507, Fone: (19) 3809-0861, Hortolândia-SP - E-mail:
hortolandia1@tjsp.jus.br

Intime-se o Ministério Público.

Intime-se.

Hortolândia, 07 de maio de 2013.


Cinthia Elias de Almeida

Juíza Substituta


**RECEBIMENTO**
Em ____/____/_____, recebo estes autos em cartório.
Escrevente:

Este documento é cópia do original, assinado digitalmente por CINTHIA ELIAS DE ALMEIDA, liberado nos autos em 09/05/2013 às 00:00.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 0005814-34.2013.8.26.0229 e código 6D00000000LGP1.

SANDRA REGINA MATTOS RUDZIT
Tradutora Pública
Intérprete Comercial
São Paulo

**Processo nº 0005814-34.2013.8.26.0229 - p. 3**

2 0 SET 2017   1   - 44096

Tradução nº I-44096
Livro nº 529
Folha 469



Sandra Regina Mattos Rudzit

*TRADUTORA PÚBLICA*

---

*I, Sandra Regina Mattos Rudzit, certified public translator, duly admitted and sworn by the Commercial Registry of the State of São Paulo, Brazil, hereby certify that a document was submitted to me, written in Portuguese, the translation of which is as follows:*

## COURT OF APPEALS OF THE STATE OF SÃO PAULO

JUDICIAL DISTRICT OF SUMARÉ

DISTRICT COURT OF HORTOLÂNDIA

2nd LOWER COURT

### JUDGMENT

Case No.: **0005814-34.2013.8.26.0229**

Class – Subject: **Court-Supervised Reorganization – Court-supervised Reorganization and Bankruptcy**

Claimant: **Mabe Brasil Eletrodomésticos Ltda.**

Full Type of the Principal Defendant <<No information available>>: **Name of Principal Defendant <<No information available>>**

Judge: Dr. **Cinthia Elias de Almeida**

Examined.

**MABE BRASIL ELETRODOMÉSTICOS LTDA.** filed for court-supervised reorganization on May 3, 2013.

The petition is in good standing to have its prosecution granted, in view of the presence of the legal requirements (articles 47, 48 and 51 of Law 11.101/2005), upon occurrence of "economic-financial crisis" of the debtor.

In view of the foregoing, as provided for by article 52 of Law 11.101/2005, I **GRANT** the prosecution of the court-supervised reorganization of the business company **MABE BRASIL ELETRODOMÉSTICOS LTDA.**, enrolled with the National Corporate Taxpayers Register (CNPJ) under No. 60.736.279/0001-06.

1) I appoint as the bankruptcy trustee (article 52, I and article 64 of the Fiscal Responsibility Law (LRF) Eliane Gonsalves, enrolled with the Brazilian Bar Association under No. 110.320, with address at Av. Dr. Campos Sales, 890 – suites 1.606/1.607, 16th floor, Downtown, in the City of Campinas, for the purposes of article 22, III, who shall be notified by execute the instrument of commitment within forty-eight (48) hours, subject to penalty of replacement (articles 33 and 34 of the LRF);

1.1) The bankruptcy trustee shall inform the court on the company status within 10 days, for purposes of article 22, II, "a" (first part) and "c" of Law No. 11.101/05.

1.2) In case any assistants (accountant, lawyers, etc.) need to be engaged, the agreement shall be submitted.

2) As provided for by article 52, II of Law 11.101/2005, I order the "exempt of submission of debt clearance certificates for the debtor to perform its activities, except for contracting with the Public Authority or to receive any tax or "credit" benefits or incentives, in this case, the debtor, with due regard for article 69 of the LRF, i.e., for the business name to be followed by the expression "in Court-Supervised Reorganization", which shall include an official notice sent to the Commercial Registry of the State of São Paulo – JUCESP for the proper annotations.

3) As provided for by article 52, III of Law 11.101/2005, I order **"the staying of all actions or executions against the debtor"**, as provided for by article 6 of the LRF, and "the respective case

Tradução nº I-44096
Livro nº 529
Folha 470



Sandra Regina Mattos Rudzit

*TRADUTORA PÚBLICA*

records shall be maintained in the court in which they are being prosecuted, except for the actions set forth in paragraphs 1, 2 and 7 of article 6 of this Law and the actions relating to credits, except as provided for by paragraphs 3 and 4 of article 49 of this Law", being established that the **debtor** shall arrange for the proper communications (article 52, paragraph 3).

4) As provided for by article 52, IV of Law 11.101/2005, I order the debtor to "submit monthly statement accounts for the duration of the court-supervised reorganization, subject to penalty of removal of its administrators".

5) Issue a communication **by letter** to the Finance Offices of the Federal Government and of all States and Municipalities in which the debtor has establishments (LRF, article 52, V). The debtor shall also shall arrange the respective addresses within 10 days, as well as the sending of the letters.

6) The term for **proofs of claims or divergences in relation to the listed credits** (by the debtor) is fifteen (15) days as from publication of the corresponding public notice (LRF, article 7, paragraph 1).

Accordingly, issue the public notice referred to by article 52, paragraph 1 of the LRF, which shall also contain the tax liability, for information of all interested parties, with advice about the terms set forth by article 7, paragraph 1, and article 55 of the LRF; **the debtor shall arrange for its publication within 10 days**, in compliance with article 191 of the LRF.

The debtor shall take measures for publication of the public notices on the Electronic Official Gazette of the Court of Appeals and on a leading newspaper.

7) Any proofs of claims or divergences in relation to the credits listed by the debtors (article 7, paragraph 2), which shall be addressed to the bankruptcy trustee, **shall be filed with the Court Office of the 2nd Lower Court of the District Court of Hortolândia,** at Rua Sebastião Custódio de Oliveira, 20, Remanso Campineiro, in the City of Hortolândia, State of São Paulo, from Monday to Friday, during opening hours, which shall arrange for delivery thereof to the bankruptcy trustee.

I point out in this topic, especially in relation to the labor credits, that any divergence or proof of claim requires the existence of a legal and clear labor judgment (with final and non-appealable judgment), being incumbent upon the Labor Judge to set the amount to be reserved.

Delayed Proofs of Claims are subject to payment of the court costs.

8) The court-supervised reorganization plan shall be submitted within 60 days, as provided for by article 53, subject to penalty of conversion of the court-supervised reorganization into bankruptcy.

Upon submission of the plan, issue the public notice containing the notification provided for by article 53, sole paragraph of Law No. 11.101/05, with a term of 30 days for any objections, regardless of publication of the list of creditors of the bankruptcy trustee. Said public notice shall indicate the place at which **the debtor shall enable access to and copies of the Court-Supervised Reorganization Plan (the company itself or the office of its lawyers).**

9) In case the list of the creditors has not been published by the bankruptcy trustee yet, those who are already stated in the public notice of the debtor and who have filed their proof of claim of the credit shall be entitled to file such objection.

Notify the Public Prosecutors' Office.

Notify.

Hortolândia, May 7, 2013.

Cinthia Elias de Almeida

Deputy Judge

**RECEIPT**

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688 - CPF 082.060.018-08 - RG 8.222.837
Rua Matias Aires, 402 - 9º andar - 01309-020 - São Paulo - SP - Brasil - Fone/Fax: 55-11-3155-7383 - e-mail: just@just.trd.br - www.just.trd.br

**Tradução nº I-44096**
**Livro nº 529**
**Folha 471**



*TRADUTORA PÚBLICA*

On _/_/_ I receive these case records in the court office.

Clerk:

**Case No. 0005814-34.2013.8.26.0229**

This document is a copy of the original digitally signed by CINTHIA ELIAS DE ALMEIDA released in the case records on May 9, 2013 at 00:00 a.m.

In order to check the original, please go to https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, enter case No. 0005814-34.2013.8.26.0229 and code 6D0000000LGP1.

*IN WITNESS WHEREOF I set my hand and seal to this translation.*

*São Paulo, September 20, 2017*

SANDRA REGINA MATTOS RUDZIT
Tradutora Pública

csi/163227.doc

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688 - CPF 082.060.018-08 - RG 8.222.837-1
Rua Matias Aires, 402 - 9º andar - 01309-020 - São Paulo - SP - Brasil - Fone/Fax: 55-11-3155-7383 - e-mail: just@just.trd.br - www.just.trd.br

*Exhibit C*

fls. 476

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SUMARÉ
FORO DISTRITAL DE HORTOLÂNDIA
2ª VARA JUDICIAL
Rua Sebastião Custódio de Oliveira, 20, Remanso Campineiro - CEP
13184-507, Fone: (19) 3809-0861, Hortolândia-SP - E-mail:
hortolandia2@tjsp.jus.br

| DECISÃO |
| --- |

Processo nº: **0005814-34.2013.8.26.0229**
Classe - Assunto **Recuperação Judicial - Recuperação judicial e Falência**
Requerente: **Mabe Brasil Eletrodomésticos Ltda**
Tipo Completo da Parte **Nome da Parte Passiva Principal << Nenhuma informação disponível >>**
Passiva Principal <<
Nenhuma informação
disponível >>:

Juiz(a) de Direito: Dr(a). **Cinthia Elias de Almeida**

Vistos.

1)Conforme tratativas com a atual administradora judicial Dra. Eliane
Gonsalves, que vinha atuando com inestimável zelo nessa recuperação judicial, resolvo
promover a sua substituição, nomeando como administrador judicial a empresa
**CAPITAL CONSULTORIA E ASSESSORIA LTDA.**, pessoa jurídica especializada
(na forma do artigo 21, caput da Lei 11.101/2005), devidamente inscrita no CNPJ sob o
nº: 05.989.257/0001-31, com sede em São Paulo, na Rua Silvia nº 110 - Cj. 52 - Bela
Vista, cujo responsável técnico será o Dr. Luis Claudio Montoro Mendes, devendo ser
intimado pessoalmente, para que em 48 (quarenta e oito) horas assine o termo de
compromisso, pena de substituição (arts. 33 e 34).

A anterior administradora judicial continuará responsável por se manifestar
em relação à prestação de contas em relação ao seu período de atuação bem como os
relatórios pendentes, os quais deverão ser entregues no prazo de 5 dias.

2) Autorizo a imediata carga dos autos ao administrador judicial.

3) Fls. 14.783/14.788: manifeste-se o administrador judicial com urgência.

4)Fls. 14.807: ciência ao administrador judicial.

5) Fls. 14.809: ciência à recuperanda

6) Fls. 14.833/14.834; 14.888/14.889; 14.924/14.925; 15.153/15.158:
manifeste-se o administrador judicial

SANDRA REGINA MATTOS RUDZIT
Tradutora Pública
Intérprete Comercial
São Paulo

**Processo nº 0005814-34.2013.8.26.0229 - p. 1**

Este documento é cópia do original, assinado digitalmente por CINTHIA ELIAS DE ALMEIDA, liberado nos autos em 14/03/2014 às 14:44.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 0005814-34.2013.8.26.0229 e código 6D00000000Q92B.



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SUMARÉ
FORO DISTRITAL DE HORTOLÂNDIA
2ª VARA JUDICIAL
Rua Sebastião Custódio de Oliveira, 20, Remanso Campineiro - CEP
13184-507, Fone: (19) 3809-0861, Hortolândia-SP - E-mail:
hortolandia2@tjsp.jus.br

7) Fls. 14.926/15.147:Anote-se interposição do agravo de instrumento. Mantenho a decisão agravada por seus próprios fundamentos. Aguarde-se eventual pedido de informações.

Intime-se.

Hortolândia, 14 de março de 2014.


Cinthia Elias de Almeida

Juíza de Direito


**RECEBIMENTO**
Em ____/____/____, recebo estes autos em cartório.
Escrevente:

Este documento é cópia do original, assinado digitalmente por CINTHIA ELIAS DE ALMEIDA, liberado nos autos em 14/03/2014 às 14:44 .
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 0005814-34.2013.8.26.0229 e código 6D0000000Q92B.

SANDRA REGINA MATTOS RUDZIT
Tradutora Pública
Intérprete Comercial
São Paulo

**Processo nº 0005814-34.2013.8.26.0229 - p. 2**

2 0 SET 2017   I   - 4 4 0 9 5

Tradução n° I-44095
Livro n° 529
Folha 467



Sandra Regina Mattos Rudzit

*TRADUTORA PÚBLICA*

*I, Sandra Regina Mattos Rudzit, certified public translator, duly admitted and sworn by the Commercial Registry of the State of São Paulo, Brazil, hereby certify that a document was submitted to me, written in Portuguese, the translation of which is as follows:*

## COURT OF APPEALS OF THE STATE OF SÃO PAULO

JUDICIAL DISTRICT OF SUMARÉ

DISTRICT COURT OF HORTOLÂNDIA

2nd LOWER COURT

### JUDGMENT

Case No.: **0005814-34.2013.8.26.0229**

Class – Subject **Court-Supervised Reorganization – Court-Supervised Reorganization and Bankruptcy**

Claimant: **Mabe Brasil Eletrodomésticos Ltda.**

Full Type of the Principal Defendant <<No information available>>: **Name of Principal Defendant <<No information available>>**

Judge: Dr. **Cinthia Elias de Almeida**

Examined.

1) In accordance with negotiations with the current court administrator, Dr. Eliane Gonsalves, who had been acting with invaluable care in this court-supervised reorganization, I decide to carry out her replacement, by appointing as bankruptcy trustee the company **CAPITAL CONSULTORIA E ASSESSORIA LTDA.**, an specialized legal entity (as provided for by article 21, main provision of Law 11.101/2005), duly enrolled with the National Corporate Taxpayers Register (CNPJ) under No. 05.989.257/0001-31, with head offices in the City of São Paulo, at Rua Silvia 110 – Suite 52 – Bela Vista, which technician in charge shall be Dr. Luis Claudio Montoro Mendes, who shall be notified in person to execute the instrument of commitment within forty-eight (48) hours, subject to penalty of replacement (articles 33 and 34).

The prior bankruptcy trustee shall remain in charge of making submissions in relation to the provision of accounts regarding her period in activity, as well as any pending reports, which shall be delivered within 5 days.

2) I authorize the bankruptcy trustee to immediately take the case records from the court office.

3) Page 14.783/14.788: the bankruptcy trustee shall make an urgent pronunciation.

4) Page 14.807: notice to the bankruptcy trustee.

5) Page 14.809: notice to the company being reorganized

6) Pages 14.833/14.834; 14.888/14.889; 14.924/14.925; 15.153/15.158: the bankruptcy trustee shall make a statement

7) Pages 14.926/15.147: Record the filing of the interlocutory appeal. I uphold the appealed judgment based on its own grounds. Await any request for information.

Notify.

Hortolândia, March 14, 2014.

Cinthia Elias de Almeida

Judge

Tradução nº I-44095
Livro nº 529
Folha 468



*Sandra Regina Mattos Rudzit*

*TRADUTORA PÚBLICA*

## RECEIPT

On / / I receive these case records in the court office.

Clerk:

### Case No. 0005814-34.2013.8.26.0229

This document is a copy of the original digitally signed by CINTHIA ELIAS DE ALMEIDA released in the case records on March 14, 2014 at 02:44 p.m.

In       order       to       check       the       original,       please       go       to
https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do,       enter       case       No.
0005814-34.2013.8.26.0229 and code 6D0000000Q92B.
*IN WITNESS WHEREOF I set my hand and seal to this translation.*

*São Paulo, September 20, 2017*

SANDRA REGINA MATTOS RUDZIT
Tradutora Pública

csi/163226.doc

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688 - CPF 082.060.018-08 - RG 8.222.837-1
Rua Matias Aires, 402 - 9º andar - 01309-020 - São Paulo - SP - Brasil - Fone/Fax: 55-11-3155-7383 - e-mail: just@just.trd.br - www.just.trd.br

*Exhibit D*

**Capital Consultoria**
Administradora Judicial
G R U P O   C A P I T A L

**EXCELENTÍSSIMO SENHOR DOUTOR JUIZ DE DIREITO 2ª VARA CÍVEL DO FORO DISTRITAL DE HORTOLÂNDIA-SP**

**Processo n° 0005814-34.2013.8.26.0229**

**Recuperanda: Mabe**

**CAPITAL CONSULTORIA E ASSESSORIA LTDA**, regularmente compromissada nos autos da **Recuperação Judicial da empresa Mabe**, em trâmite perante esse D. Juízo e R. Cartório, vem, respeitosamente, perante Vossa Excelência requerer a substituição da Administradora Judicial pela sucessora, **ADMINISTRADORA JUDICIAL LTDA**, CNPJ. **16.747.780.0001-78, mantendo-se como** técnico, Dr. Luis Claudio Montoro Mendes, situada na Rua Silvia, n° 110, cj. 52, CEP 01331-000, transferindo a esta todos os poderes e deveres constituídos.

Solicito ainda que todas as intimações e/ou notificações sejam encaminhadas ao endereço acima descrito.

Nestes termos,

Pede e espera deferimento,

São Paulo, 21 de abril de 2015.

Capital Consultoria e Assessoria Ltda                Capital Administradora Judicial Ltda.

Gustavo Ramos de Almeida
OAB/SP 362.201

São Paulo / SP:Rua Silvia, 110, Cj 52                Página 1 de 1                Brasília / DF:SRTVS. QD. 701 Conjunto E, Bloco 1, Sl. 209
Ribeirão Preto / SP:Av. Prof. João Fiusa, 1901 – 8º andar     Grupo Capital     Porto Alegre/RS: Av. Padre Cacique, 320 · térreo – Bloco A
Curitiba / PR: R. Comendador Araújo, 499 · 10º Andar     Tel.: (11) 3882-0538     Belo Horizonte / MG:Av. do Contorno, 6413, 2ªAndar
Florianópolis / SC:Avenida Des. Vitor Lima, 260, Sl. 908     www.viacapital.com.br     Vitória / ES: Rua Prof. Almeida Cousin, 125, Sl.1604

2 8 SET 2017   I  - 44246

SANDRA REGINA MATTOS RUDZIT
Tradutora Pública
Intérprete Comercial
São Paulo

Tradução nº I-44246
Livro nº 530
Folha 420



*TRADUTORA PÚBLICA*

*I, Sandra Regina Mattos Rudzit, certified public translator, duly admitted and sworn by the Commercial Registry of the State of São Paulo, Brazil, hereby certify that a document was submitted to me, written in Portuguese, the translation of which is as follows:*

(handwritten: "18870")

Letterhead of Capital Consultoria

Bankruptcy Trustee

Capital Group

## HONORABLE JUDGE OF THE 2ND LOWER CIVIL COURT OF THE JUDICIAL DISTRICT OF HORTOLÂNDIA-SP

(handwritten: "initial, 6/17/15")

**Case No. 0005814-34.2013.8.26.0229**

**Reorganizing Debtor: Mabe**

**CAPITAL CONSULTORIA E ASSESSORIA LTDA.,** regularly committed in the case files of the Judicial Reorganization of **Mabe,** pending before this Court and Court Clerk's Office, appears, respectfully, before **Your Honor** to request the replacement of the Bankruptcy Trustee by the successor, **CAPITAL ADMINISTRADORA JUDICIAL LTDA., enrolled with the National Corporate Taxpayers Register (CNPJ) under No. 16.747.780.0001-78, maintaining as technical representative Mr. Luis Claudio Montoro Mendes,** located at Rua Silvia, No. 110, suite 52, postal code 01331-010, transferring to it all the appointed powers and duties.

I also request that all subpoenas and/or notices be sent to the address described above.

Wherefore,

Granting Requested,

São Paulo, April 21, 2015.

Capital Consultoria e Assessoria Ltda.

Capital Administradora Judicial Ltda.

(sgd)

Mr. Gustavo Ramos de Almeida

OAB/SP 362.201

*IN WITNESS WHEREOF I set my hand and seal to this translation.*

*São Paulo, September 28, 2017*

SANDRA REGINA MATTOS RUDZIT
Tradutora Pública

jms/162980.doc

*Exhibit E*

fls. 1



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SUMARÉ
FORO DISTRITAL DE HORTOLÂNDIA
2ª VARA JUDICIAL
RUA SEBASTIÃO CUSTÓDIO DE OLIVEIRA, 20, Hortolândia - SP - CEP 13184-507
**Horário de Atendimento ao Público: das 12h30min às19h00min**

| SENTENÇA |
| --- |

Processo Físico nº:   **0005814-34.2013.8.26.0229**
Classe - Assunto   **Recuperação Judicial - Recuperação judicial e Falência**
Requerente:   **Mabe Brasil Eletrodomésticos Ltda**
Tipo Completo da Parte   **Nome da Parte Passiva Principal << Nenhuma informação disponível >>**
Passiva Principal <<
Nenhuma informação
disponível >>:

Juiz(a) de Direito: Dr(a). **Cinthia Elias de Almeida**

Vistos.

**MABE Brasil Eletrodomésticos Ltda** pediu a sua recuperação judicial e obteve o deferimento de seu pedido em 09/05/2013.

O administrador judicial manifestou-se a fls 20.287/20.395. Alegou, em síntese, que promoveu diversas diligências junto à recuperanda no exercício da sua função fiscalizadora e constatou que a empresa suspendeu suas atividades no dia 18.12.2015 concedendo férias coletivas a todos seus funcionários, com data prevista para retorno em 18.01.2016, porém tendo em vista a intervenção sindical face o não pagamentos das verbas trabalhistas dos atuais colaboradores, as atividades da Recuperanda permanecem suspensas. Foi verificado, ainda, que a recuperanda não possui receita para retomada de suas atividades e, mesmo que os trabalhadores concordem com o retorno das atividades mediante aval do sindicato e do MPT, a Recuperanda não terá condições financeiras para retomar seu funcionamento. Assim, diante deste cenário, verifica-se que a Recuperanda não possui condições econômico-financeiras para retomar suas atividades bem como não há condições de satisfazer suas obrigações financeiras habituais e as obrigações assumidas nesse procedimento recuperacional, em especial, o pagamento dos credores.

Ainda, verificou-se que: a) a recuperanda não efetuou o pagamento pagamento dos credores trabalhistas, relativos a parcela do 13º terceiro salário devido em dezembro/2015, a folha de pagamento devida em janeiro/2016 bem como verbas rescisórias devidas em dezembro/2015, totalizando aproximadamente de **R$ 19,1 milhões**;

SANDRA REGINA MATTOS RUDZIT
Tradutora Pública
Intérprete Comercial
São Paulo

**0005814-34.2013.8.26.0229 - lauda 1**

Este documento é cópia do original, assinado digitalmente por CINTHIA ELIAS DE ALMEIDA e PAULO DE TARSO SORIANO NASCIMENTO, liberado nos autos em 10/02/2016 às 15:10 .
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 0005814-34.2013.8.26.0229 e código 6D00000011XMG.

fls. 2

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SUMARÉ
FORO DISTRITAL DE HORTOLÂNDIA
2ª VARA JUDICIAL
RUA SEBASTIÃO CUSTÓDIO DE OLIVEIRA, 20, Hortolândia - SP -
CEP 13184-507
**Horário de Atendimento ao Público: das 12h30min às19h00min**

b) a empresa acumulou débitos nos anos de 2014 à 2016 com serviços contratados e não pagos, bem como aquisição de matéria prima, totalizando aproximadamente R$ **19,2 milhões** e **R$ 4,5 milhões**, respectivamente;c) a empresa possui **2234 protestos**, conforme certidão expedida pelo 1º Tabelião de Notas e Protestos de Letras e Títulos da Comarca de Sumaré;d) a empresa possui certidão positiva de débitos trabalhista

Por fim, constatou-se que houve, também, descumprimento do plano de recuperação judicial aprovado pelos credores na medida em que não foram pagos todos os credores trabalhistas; não há comprovação dos pagamentos efetuados ao único credor com garantia real; bem como não foram pagos todos os credores quirografários. Assim, a administradora judicial pugna, nos termos do artigo 73 c.c art. 61, §1º da Lei 11.101/05, pela decretação da convolação da Recuperação Judicial em Falência, tendo em vista o explanado acima e a impossibilidade de retomada da Recuperanda as atividades desempenhadas bem como a expedição de ofícios.

A empresa recuperanda se manifestou a fls. 20.265/20.283 confessando a sua difícil situação econômica-financeira decorrente da dificuldade em obter capital de giro para financiar as suas atividades e que a sua linha de produção encontra-se desativada. Relatou, ainda, preocupação com a segurança da empresa já que enfrenta ameaça de invasão e furto de cobre nas dependências de sua unidade em Campinas-SP.

O Ministério Público se manifestou (fls. 20.397/20.401) concordando com o pedido da administradora judicial.

**É o relatório. Decido.**

O pedido formulado pela administradora merece acolhimento.

Conforme apurado por meio de diligências realizadas no exercício da sua função fiscalizadora do cumprimento do plano de recuperação judicial foi verificado que a recuperanda paralisou as suas atividades de produção desde o final do ano passado, confessando que não tem meios de voltar a produzir em razão da insuficiência de caixa. Além disso, enquanto esteve em funcionamento, também não conseguiu cumprir com os pagamentos acordados no plano de recuperação judicial aprovado pela assembleia de credores. Por fim, não tem fornecido os documentos obrigatórios à administradora judicial tampouco cumpriu a decisão judicial que determinou a verificação inversa dos créditos

SANDRA REGINA MATTOS RUDZIT
Tradutora Pública
Intérprete Comercial
São Paulo

**0005814-34.2013.8.26.0229 - lauda 2**

Este documento é cópia do original, assinado digitalmente por CINTHIA ELIAS DE ALMEIDA e PAULO DE TARSO SORIANO NASCIMENTO, liberado nos autos em 10/02/2016 às 15:10 .
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 0005814-34.2013.8.26.0229 e código 6D00000011XMG.

fls. 3

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SUMARÉ
FORO DISTRITAL DE HORTOLÂNDIA
2ª VARA JUDICIAL
RUA SEBASTIÃO CUSTÓDIO DE OLIVEIRA, 20, Hortolândia - SP -
CEP 13184-507
**Horário de Atendimento ao Público: das 12h30min às19h00min**

devidos.

Apesar de o plano ter sido aprovado, não foi suficiente a solver a crise econômico financeira pela qual passava a empresa. O descumprimento das obrigações reguladas pelo plano originário exigiu que a recuperanda alterasse o plano, apesar desse juízo ter vetado tal cláusula no plano aprovado, porém, por meio de uma medida cautelar junto ao Superior Tribunal de Justiça, houve a concessão do efeito ativo que permitiu a convocação de nova assembleia que contou com a vontade da maioria dos credores.

Entretanto, não foram suficientes para demonstrar que a crise econômica financeira pela qual passava a empresa era efetivamente temporária e reversível. Pelo contrário, evidenciaram que a empresa, ainda que beneficiada desde 2013, não possui condições de garantir a confiança dos agentes econômicos pela solvência das obrigações contratadas, condição essa que se agravou com a presente recessão iniciada no ano de 2015 e cujo fim os analistas econômicos ainda não são capazes de estimar.

Assim, longo destes dois anos a recuperanda não conseguiu alcançar nenhum dos três objetivos enumerados no art. 47, da Lei 11.101/05.

A manutenção da fonte produtora e a preservação dos empregos dos trabalhadores ocorreram em parte, pois houve a necessidade de demissões e, no atual momento, sequer conseguiram manter os pagamentos daqueles que continuaram trabalhando na empresa,estando com as suas atividades paralisadas. Além disso, o interesse dos credores também foi comprometido em razão da inadimplência da recuperanda em relação as obrigações contratadas e novadas.

Ante o exposto, **decreto hoje, dia 10/02/2016, às 15 horas, a convolação da recuperação judicial em falência de MABE BRASIL ELETRODOMÉSTICOS LTDA,** sociedade empresária, inscrita no CNPJ sob nº 60.736.279/0001-06, com sede estatutária na Av. Ermano Marchetti, nº. 1435, 14º e 15º andares, Água Branca, São Paulo/SP e principal estabelecimento no Parque Industrial BS continental, s/n, Centro, Hortolândia/SP, CEP 13187-000.

1. Fixo o termo legal da falência em 90 (noventa) dias antes do primeiro protesto, cabendo a r. serventia certificar a efetiva data conforme documentos existentes nos autos, ou do pedido de recuperação judicial, o que tiver ocorrido primeiro;

Este documento é cópia do original, assinado digitalmente por CINTHIA ELIAS DE ALMEIDA e PAULO DE TARSO SORIANO NASCIMENTO, liberado nos autos em 10/02/2016 às 15:10.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 0005814-34.2013.8.26.0229 e código 6D00000011XMG.

```
SANDRA REGINA MATTOS RUDZIT
Tradutora Pública
intérprete Comercial
São Paulo
```

**0005814-34.2013.8.26.0229 - lauda 3**

fls. 4



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SUMARÉ
FORO DISTRITAL DE HORTOLÂNDIA
2ª VARA JUDICIAL
RUA SEBASTIÃO CUSTÓDIO DE OLIVEIRA, 20, Hortolândia - SP -
CEP 13184-507
**Horário de Atendimento ao Público: das 12h30min às19h00min**

2. Determino aos sócios da falida que apresentem, no prazo de cinco dias, a relação nominal de credores, descontando o que já foi pago ao tempo da recuperação judicial e incluindo os créditos que não estavam submetidos à recuperação.

3. Determino a publicação de edital contendo a íntegra da presente sentença de quebra bem como a relação de credores, nos termos do art. 99, parágrafo único, da Lei 11.101/2005, assim que apresentada a relação de credores pelos sócios da falida e, no descumprimento, contendo a relação de credores reconhecidos na recuperação judicial;

4. Publicado o edital previsto no art. 99, parágrafo único, da Lei 11.101/2005, os credores terão o prazo de 15 (quinze) dias para apresentar **diretamente** ao administrador judicial suas habilitações ou suas divergências quanto aos créditos relacionados.

5. As impugnações já ajuizadas durante a fase da recuperação judicial e ainda pendentes de julgamento deverão ser encaminhadas em definitivo ao administrador judicial para que sejam analisadas como divergências administrativas para os fins de elaboração da nova relação do art. 7º, §2º da LRF, tendo em vista a nova condição de falência.

6. Determino a suspensão de todas as ações ou execuções contra a falida (empresa), ressalvadas as hipóteses previstas nos §§ 1º e 2º do art. 6º da Lei 11.101/2005, ficando suspensa, também, a prescrição.

7. Proíbo a prática de qualquer ato de disposição ou oneração de bens do falido, sem autorização judicial e do Comitê de Credores (se houver), ressalvados os bens cuja venda faça parte das atividades normais do devedor "se autorizada a continuação provisória das atividades".

8. Devem os sócios não se ausentar do lugar onde se processa a falência sem motivo justo e comunicação expressa ao juiz, e sem deixar procurador bastante, ainda que destinado ao país de residência, sob as penas cominadas na lei.

9. Devem os sócios da falida apresentar, no prazo de dez dias, referidas as declarações constantes no art. 104 da Lei 11.101/205 por escrito, com atenção ao art. 171 da

SANDRA REGINA MATTOS RUDZIT
Tradutora Pública
Intérprete Comercial
São Paulo

**0005814-34.2013.8.26.0229 - lauda 4**

Este documento é cópia do original, assinado digitalmente por CINTHIA ELIAS DE ALMEIDA e PAULO DE TARSO SORIANO NASCIMENTO, liberado nos autos em 10/02/2016 às 15:10 .
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 0005814-34.2013.8.26.0229 e código 6D00000011XMG.

fls. 5



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SUMARÉ
FORO DISTRITAL DE HORTOLÂNDIA
2ª VARA JUDICIAL
RUA SEBASTIÃO CUSTÓDIO DE OLIVEIRA, 20, Hortolândia - SP -
CEP 13184-507
**Horário de Atendimento ao Público: das 12h30min às19h00min**

mesma Lei. Nesta oportunidade também os sócios da falida deverão declarar seus bens, consoante o entendimento da doutrina. Sem prejuízo, no mesmo prazo, devem comparecer em cartório para assinatura do termo de comparecimento.

10. Intime-se por cartas às Fazendas Públicas da União, Estado e Município em que a falida tiver estabelecimento para que tomem conhecimento da falência e informem a existência de bens e direitos do falido.

11. Determino a e expedição de ofício à Junta Comercial do Estado de São Paulo - JUCESP para que proceda a anotação da expressão "falida" nos registros, para anotação da inabilitação para atividade empresarial bem como para requisitar remessa de cópia de todos os atos registrados em relação a todas as sociedades onde a falida ou seus sócios figuraram nos últimos 05 (cinco) anos.

12. Mantenho para a função de Administração Judicial **CAPITAL ADMINISTRADORA JUDICIAL LTDA.**, pessoa jurídica de direito privado, estabelecida na Rua Silvia, 110, Conjunto 52, Bela Vista, São Paulo-SP, CEP 01331010, CNPJ 16.747.780/0001-78, representado na pessoa de Luis Claudio Montoro Mendes, brasileiro, casado, advogado, inscrito na OAB/SP 150485, telefone (11) 3882.0538, devendo prestar compromisso em 48 horas, sob pena de substituição.

13. Considerando o grau de complexidade dos trabalhos, a repercussão econômica e os valores praticados no mercado, fixo a remuneração da Administradora Judicial em 5% (cinco por cento) sobre o valor dos ativos alienados no processo falimentar, devendo ser reservado 40% (quarenta por cento) para o final do processo.

14. Determino ao Administrador Judicial que apresente em 10 (dez) dias um laudo que verse sobre a viabilidade econômica da continuidade dos negócios da Falida;

15. Autorizo, desde já, a utilização de eventuais recursos disponíveis em conta judicial para custeio necessário com a segurança dos bens da Massa Falida, mediante a competente prestação de contas justificada.

16. Deverá o Administrador Judicial proceder os atos necessários para a arrecadação dos bens da falida, nos termos do art. 108 e 109 da Lei 11.101/2005. Autorizo ao Administrador proceder a arrecadação progressiva dos bens, considerando o

SANDRA REGINA MATTOS RUDZIT
Tradutora Pública
Intérprete Comercial
São Paulo

Este documento é cópia do original, assinado digitalmente por CINTHIA ELIAS DE ALMEIDA e PAULO DE TARSO SORIANO NASCIMENTO, liberado nos autos em 10/02/2016 às 15:10 .
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 0005814-34.2013.8.26.0229 e código 6D00000011XMG.

fls. 6

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SUMARÉ
FORO DISTRITAL DE HORTOLÂNDIA
2ª VARA JUDICIAL
RUA SEBASTIÃO CUSTÓDIO DE OLIVEIRA, 20, Hortolândia - SP -
CEP 13184-507
**Horário de Atendimento ao Público: das 12h30min às19h00min**

extenso volume de ativos, a especificidade dos ativos e as diversas localidades da Federação em que se encontram.

17. Determino a expedição de ofício à Caixa Econômica Federal para que procedam a liberação dos valores depositados a título de FGTS e das guias do seguro-desemprego dos funcionários registrados da falida, dispensando-se a apresentação do respectivo Termo de Rescisão dos Contratos de Trabalho ou demais formalidades, em decorrência da rescisão automática do contrato de trabalho com o decreto falimentar.

18. Defiro a expedição dos ofícios requeridos no item "g" da petição da administradora judicial constante nas fls. 20.303/20.308 dos autos, preferencialmente por meio eletrônico.

19. Intime-se o Ministério Público para conhecimento e providências que entender necessárias.

P.R.I

Hortolândia, 10 de fevereiro de 2016.

Cinthia Elias de Almeida
Juíza de Direito

DOCUMENTO ASSINADO DIGITALMENTE NOS TERMOS DA LEI 11.419/2006,
CONFORME IMPRESSÃO À MARGEM DIREITA

SANDRA REGINA MATTOS RUDZIT
Tradutora Pública
Intérprete Comercial
São Paulo

**0005814-34.2013.8.26.0229 - lauda 6**

2 0 SET 2017    I    - 440 94

Este documento é cópia do original, assinado digitalmente por CINTHIA ELIAS DE ALMEIDA e PAULO DE TARSO SORIANO NASCIMENTO, liberado nos autos em 10/02/2016 às 15:10.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 0005814-34.2013.8.26.0229 e código 6D00000011XMG.

Tradução nº I-44094
Livro nº 529
Folha 463



*Sandra Regina Mattos Rudzit*

*TRADUTORA PÚBLICA*

*I, Sandra Regina Mattos Rudzit, certified public translator, duly admitted and sworn by the Commercial Registry of the State of São Paulo, Brazil, hereby certify that a document was submitted to me, written in Portuguese, the translation of which is as follows:*

## COURT OF APPEALS OF THE STATE OF SÃO PAULO

JUDICIAL DISTRICT OF SUMARÉ

DISTRICT COURT OF HORTOLÂNDIA

2nd LOWER COURT

### JUDGMENT

Physical Proceeding No.: **0005814-34.2013.8.26.0229**

Class – Subject: **Court-Supervised Reorganization – Court-supervised Reorganization and Bankruptcy**

Claimant: **Mabe Brasil Eletrodomésticos Ltda.**

Full Type of Principal Defendant <<No information available>>: **Name of Principal Defendant <<No information available>>:**

Judge: Dr. **Cinthia Elias de Almeida**

Examined.

**MABE Brasil Eletrodomésticos Ltda.** filed a petition for its court-supervised reorganization, which was granted on May 9, 2013.

The bankruptcy trustee filed a brief on pages 20.287/20.395. It argued, in summary, that it carried out several procedures in the company being reorganized in the exercise of its inspection duties and discovered that the company interrupted its activities on December 18, 2015, granting collective vacation to all its employees, until the expected date of January 18, 2016; however, in view of the interference by the workers' union in view of the default of payments of the labor charges of the current employees, the activities of the Company being Reorganized remain suspended. It was also determined that the company being reorganized does not have any revenue to resume its activities, and even if the workers agree to resume the activities upon consent of the workers' union and the Labor Public Prosecutors' Office (MPT), the Company Being Reorganized will not have financial conditions to resume its operation. Thus, in view of this scenario, it appears that the Company being Reorganized does not have economic-financial conditions to resume its activities and is unable to discharge its regular financial obligations and the obligations undertaken in this reorganization proceeding, especially the payment of the creditors.

It was also determined that: a) the company being reorganized did not make the payment of the labor creditors in relation to the installment of the 13th salary due in December 2015, to the payroll due in January 2016, as well as to severance payments due in December 2015, in a total amount of approximately **R$19.1 million;** b) the company accrued debts in the period from 2014 to 2016 concerning services contracted and not paid, as well as the purchase of raw material, in a total amount of approximately **R$19.2 million** and **R$4.5 million**, respectively; c) the company has **2234 protests**, in accordance with the certificate issued by the 1st Notary Public and Protest of Notes and Deeds Office of the Judicial District of Sumaré; d) the company has a liability certificate of labor debts.

Finally, it was also discovered that the Court-Supervised Reorganization Plan approved by the creditors was defaulted, given that all labor creditors were not paid; there is no evidence of the payments made to the one single secured creditor; and all unsecured creditors were not paid as well. Accordingly, as provided for by article 73 combined with article 61, paragraph 1 of Law 11.101/05, the bankruptcy trustee moves for adjudication of conversion of the Court-Supervised Reorganization into Bankruptcy,

Tradução nº I-44094
Livro nº 529
Folha 464



*Sandra Regina Mattos Rudzit*

*TRADUTORA PÚBLICA*

in view of the explanations above and the impossibility of resumption of the activities by the Company Being Reorganized, as well as the issue of official notices.

The company being reorganized filed a brief on pages 20.265/20.283 admitting its difficult economic-financial situation arising out of its difficulty to obtain working capital to finance its activities, and that its production line is currently shutdown. It also reported its concern with the company security, given that it is facing the threat of invasion and theft of copper from the facilities of its unit in the City of Campinas, State of São Paulo.

The Public Prosecutors' Office made a pronunciation (pages 20.397/20.401) whereby it agrees with the bankruptcy trustee's petition.

**This is the report. I shall judge.**

The petition filed by the bankruptcy trustee shall be granted.

As determined by means of procedures carried out in the exercise of its inspection duties of compliance with the Court-Supervised Reorganization Plan, it was determined that the company being reorganized has interrupted its production activities since the end of last year, admitting that it does not have the means to resume the production because of cash shortage. In addition, while it was in operation, it also failed to comply with the payments agreed upon in the Court-Supervised Reorganization Plan approved by the creditors' meeting. Finally, it has not provided the mandatory documents to the bankruptcy trustee and failed to comply with the court order providing for reversal determination of the credits due.

Although the plan was approved, it was not sufficient to resolve the economic-financial crisis faced by the company. The default of the obligations regulated by the original plan required the company being reorganized to amend the plan, although this court vetoed said section in the approved plan; however, by means of a provisional remedy sought from the Superior Court of Justice, which remedy was granted, it enabled a new creditors' meeting to be called, as approved by a majority of the creditors.

However, they were not sufficient to demonstrate that the economic-financial crisis faced by the company was actually temporary and reversible. On the contrary, they evidenced that, although the company has been benefited since 2013, it is unable to gain the trust of the economic agents in relation to the solvency of the contracted obligations, a condition which was aggravated by this recession that started in 2015, the end of which cannot be foreseen by the economic analysts.

Accordingly, throughout these two years the company being reorganized failed to achieve any of the three goals listed in article 47 of Law 11.101/05.

The maintenance of the source of income and the preservation of the jobs of the workers were partially achieved, because it was necessary to dismiss employees, and right now the company is not even capable of maintaining the payments of those who continued to work for the company, and its activities have been interrupted. Besides, the interest of the creditors was also impaired in view of the default of the company being reorganized of the contracted and novated obligations.

In view of the foregoing, **I adjudicate today, February 10, 2016, at 03:00 p.m., the conversion of the court-supervised reorganization into bankruptcy of MABE BRASIL ELETRODOMÉSTICOS LTDA.**, a business company enrolled with the National Corporate Taxpayers Register (CNPJ) under No. 60.736.279/0001-06, with statutory head offices at Av. Ermano Marchetti, 1435, 14th and 15th floors, Água Branca, in the City of São Paulo, State of São Paulo and principal establishment at Parque Industrial BS continental, no number, Downtown, in the City of Hortolândia, State of São Paulo, postal code 13187-000.

1. I set the legal term of the bankruptcy as ninety (90) days before the first protest, and the court employee shall certify the actual date in accordance with the documents in the case records, or before the petition for court-supervised reorganization, whichever takes place earlier;

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688 - CPF 082.060.018-08 - RG 8.222.837-1
Rua Matias Aires, 402 - 9º andar - 01309-020 - São Paulo - SP - Brasil - Fone/Fax: 55-11-3155-7383 - e-mail: just@just.trd.br - www.just.trd.br

Tradução nº I-44094
Livro nº 529
Folha 465



Sandra Regina Mattos Rudzit

*TRADUTORA PÚBLICA*

2. I order the shareholders of the bankrupt company to submit, within five days, the nominal list of the creditors, with deduction of anything that has been already paid at the time of the court-supervised reorganization and including any credits that had not been admitted to the reorganization.

3. I order the publication of a public notice containing the full content of this bankruptcy judgment, as well as the list of creditors, as provided for by article 99, sole paragraph of Law 11.101/2005, as soon as the shareholders of the bankrupt company have submitted the list of creditors and, in case of failure, containing the list of creditors acknowledged in the court-supervised reorganization;

4. Once the public notice provided for by article 99, sole paragraph of Law 11.101/2005 has been published, the creditors shall have fifteen (15) days to submit **directly** to the bankruptcy trustee their proofs of claims or their disagreements in relation to the listed credits.

5. Any objections already filed during the court-supervised reorganization phase which are still pending judgment shall be submitted to the bankruptcy trustee on a definite basis, for analysis as administrative divergences for purposes of preparation of the new list set forth in article 7, paragraph 2 of the Fiscal Responsibility Law (LRF), considering the new condition of bankruptcy.

6. I order the staying of all actions or executions against the bankrupt company, except for the events set forth in paragraphs 1 and 2 of article 6 of Law 11.101/2005; the statute of limitations shall be also stayed.

7. I forbid the performance of any act of disposal or encumbrance of assets of the bankrupt company without a court order and authorization of the Creditors Committee (if any), except for the goods sold as part of the ordinary activities of the debtor, "to the extent that the interim continuation of the activities is authorized".

8. The shareholders shall not be absent from the place in which the bankruptcy is being prosecuted without just reason and express communication to the judge, and without leaving an attorney-in-fact, even in case of destination to the country of residence, subject to the penalties provided for by law.

9. The shareholders of the bankrupt company shall submit, within ten days, the declarations set forth in article 104 of Law 11.101/205 in writing, with due regard for the provisions of article 171 of the same Law. On that occasion the shareholders of the bankrupt company shall declare their assets, in accordance with the construal of the opinion of jurists. Nevertheless, they shall appear in the court office within the same term for signing the instrument of attendance.

10. Notify by letters the Finance Offices of the Federal Government, State and City in which the bankrupt company has any establishment to be aware of the bankruptcy and inform the existence of assets and rights of the bankrupted company.

11. I order the issue of official notice to the Commercial Registry of the State of São Paulo – JUCESP to proceed with the annotation of the expression "bankrupt company" in the registrations, for annotation of the disqualification for business activity, as well as to request the delivery of a copy of all registered acts in relation to all companies to which the bankrupt company or its shareholders were parties over the last five (05) years.

12. I maintain in the duties of Bankruptcy Trustee the company **CAPITAL ADMINISTRADORA JUDICIAL LTDA.**, a legal entity of private law with head offices at Rua Silvia, 110, Suite 52, Bela Vista, in the City of São Paulo, State of São Paulo, postal code 01331010, enrolled with the CNPJ under No. 16.747.780/0001-78, represented by Luis Claudio Montoro Mendes, Brazilian, married, lawyer, enrolled with the Brazilian Bar Association / State of São Paulo Chapter (OAB/SP) under No. 150485, telephone (11) 3882.0538, which shall provide a commitment within 48 hours, subject to penalty of replacement.

13. Considering the complexity level of the proceedings, the economic consequences, and the market values, I set the remuneration of the Bankruptcy Trustee as five percent (5%) on the amount of the assets disposed of in the bankruptcy proceeding, determining that forty percent (40%) shall be reserved

Tradução nº I-44094
Livro nº 529
Folha 466



*TRADUTORA PÚBLICA*

for the end of the proceeding.

14. I order the Bankruptcy Trustee to submit, within ten (10) days, a report about the economic feasibility of continuation of the business of the Bankrupt Company;

15. I hereby authorize the use of any funds available in the court account for required funding of the security of the assets of the Bankruptcy Estate, upon proper submission of justified accounts.

16. The Bankruptcy Trustee shall perform any acts required for collection of the assets of the bankrupt company, as provided for by articles 108 and 109 of Law 11.101/2005. I authorize the Trustee to proceed with the progressive collection of the assets, considering the extensive volume of assets, the specificity of the assets, and their different locations in the Brazilian States.

17. I order the issue of an official notice to Caixa Econômica Federal to proceed with the release of the amounts deposited by way of Unemployment Compensation Fund – FGTS and of the payment forms of the unemployment insurance of the registered employees of the bankrupt company, exempting the submission of the respective Instrument of Termination of the Employment Contracts or any other formalities, in view of the automatic termination of the employment contract upon adjudication of bankruptcy.

18. I grant the issue of the official notices requested in item "g" of the petition of the bankruptcy trustee set forth on pages 20.303/20.308 of the case records, preferably by electronic means.

19. Notify the Public Prosecutors' Office for information and any measures deemed to be required.

Publish, register and notify.

Hortolândia, February 10, 2016.

Cinthia Elias de Almeida

Judge

### DOCUMENT DIGITALLY SIGNED PURSUANT TO LAW 11419/2006, AS PRINTED ON THE RIGHT MARGIN

**0005814-34.2013.8.26.0229**

This document is a copy of the original digitally signed by CINTHIA ELIAS DE ALMEIDA and PAULO DE TARSO SORIANO NASCIMENTO, released in the case records on February 10, 2016 at 03:10 p.m.

In order to check the original, please go to https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, enter case No. 0005814-34.2013.8.26.0229 and code 6D00000011XMG.

*IN WITNESS WHEREOF I set my hand and seal to this translation.*

*São Paulo, September 20, 2017*

SANDRA REGINA MATTOS RUDZIT
Tradutora Pública

csi/163225.doc

*Exhibit F*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov


In re:


MABE BRASIL ELETRODOMÉSTICOS LTDA.                    Chapter 15

      Debtor in a Foreign Proceeding.                    Case No.:
_____/

### RULE 7007.1 CORPORATE OWNERSHIP STATEMENT

      Capital Administradora Judicial Ltda., through its representative Luis Claudio Montoro Mendes (the "Foreign Representative"), the duly appointed judicial administrator of Mabe Brasil Eletrodomésticos Ltda. ("Debtor"), hereby discloses that the following individuals or entities hold an ownership interest in the Debtor:

      i)      MABE MERCOSUR PARTICIPAÇÕES LTDA owns 19.34% interest in the Debtor

      ii)      ENXINMEX S.A. DE CV owns 31.07% interest in the Debtor

      iii)      COCINAS MABE S.A. DE CV owns 49.58% interest in the Debtor.


Dated: September 28, 2017                    Respectfully submitted,


                                    SEQUOR LAW, P.A.
                                    1001 Brickell Bay Dr., 9th Floor
                                    Miami, Florida 33131
                                    Telephone: (305) 372-8282
                                    Facsimile: (305) 372-8202
                                    Email: aescobar@sequorlaw.com
                                                cvicens@sequorlaw.com


                By:     /s/ Annette C. Escobar_____
                        Annette C. Escobar
                        Florida Bar No.: 369380
                        Cristina Vicens Beard
                        Florida Bar No.: 111357

*Exhibit G*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                     Chapter 15

MABE BRASIL ELETRODOMÉSTICOS LTDA.          Case No.:

      Debtor in a Foreign Proceeding.
_____/

**ORDER GRANTING RECOGNITION OF FOREIGN**
**MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517 OF**
**THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF**

This matter came on for hearing on _____ ____, 2017 ("Hearing"), upon the Verified Petition for Recognition of Foreign Main Proceeding Pursuant To §§1515 and 1517 and Request for Hearing ("Chapter 15 Petition") (D.E. 2), of Capital Consultoria e Assessoria Ltda. as Foreign Representative ("Foreign Representative") of Mabe Brasil Eletrodomésticos Ltda. (the "Debtor"), seeking recognition and related relief pursuant to Chapter 15 of the Bankruptcy Code, of the foreign bankruptcy proceeding of Debtor (the "Brazilian Proceeding") pending before the 2nd Lower Judicial Branch of Hortolândia, São Paulo (the "Brazilian Court") in São Paulo, Brazil. The Court, having considered the Chapter 15 Petition, its attachments, the argument of counsel at the Hearing, and being otherwise duly informed, makes the following order.

The Court finds:

A.     Due and timely notice of the filing of the Chapter 15 Petition and the Hearing was given by the Foreign Representative as directed by this Court and

B.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

C.      Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

D.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

E.      Capital Consultoria e Assessoria Ltda. qualifies as a "foreign representative" as defined in 11 U.S.C. §101(24).

F.      This Chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504, 1515, 1517.

G.      Foreign Representative has met the requirements of 11 U.S.C. §§ 1515(b), 1515(c), 1515(d), and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

H.      The Brazilian Proceeding is a foreign proceeding under 11 U.S.C. §§ 101(23) and 1502(4).

I.      The Brazilian Proceeding is entitled to recognition by this Court under 11 U.S.C. § 1517.

J.      The Brazilian Proceeding is pending in São Paulo, Brazil.  Brazil is the country where Debtor has its center of main interests and, accordingly, the Brazilian Proceeding is a foreign main proceeding, under 11 U.S.C. § 1502(4), entitled to recognition as a foreign main proceeding under 11 U.S.C. § 1517(b)(1).

K.      Foreign Representative is entitled to all relief provided under 11 U.S.C. § 1520, without limitation.

L.      Foreign Representative is further entitled to the relief expressly set forth in 11 U.S.C. § 1521.

M.      The relief granted by this Order is necessary and appropriate, in the interests of public and international comity, consistent with the public policy of the United States, warranted

2

pursuant to 11 U.S.C. § 1521 and will not cause any hardship to the creditors of the Debtor or other parties that is not outweighed by the benefits of the relief being granted.

Accordingly, it is ORDERED AND ADJUDGED that:

1. The Brazilian Proceeding is granted recognition as a "foreign main proceeding" under 11 U.S.C. § 1517.

2. The Brazilian Proceeding, including the Orders of the Brazilian Court commencing the Brazilian Proceeding and appointing Foreign Representative as judicial administrator of Debtor attached to the Chapter 15 Petition, shall be given full force and effect and be binding on and enforceable in the United States against all persons and entities.

3. Foreign Representative is entrusted with the full administration and realization of all or a part of the Debtor's bankruptcy estate and assets within the territorial jurisdiction of the United States.

4. Foreign Representative shall have the authority to act independently to carry out any of the duties and powers granted by this Order.

5. The provisions of 11 U.S.C. § 1520 apply, without limitation, to this proceeding.

6. All persons and entities are stayed from commencing or continuing any action or proceeding concerning the assets, rights, obligations or liabilities, of the Debtor or the Debtor's bankruptcy estate, located in the United States.

7. All persons and entities are stayed from executing against the assets, of the Debtor or the Debtor's bankruptcy estate, located in the United States.

8. All persons and entities are prohibited from transferring, encumbering or otherwise disposing of any assets, of the Debtor or the Debtor's bankruptcy estate, located in the United States.

9.      All persons and entities provided notice of the Chapter 15 Petition and the Hearing thereon who are in possession, custody, or control of property, or the proceeds thereof, of the Debtor or the Debtor's bankruptcy estate, located within the territorial jurisdiction of the United States, shall immediately advise Foreign Representative by written notice sent to the following addresses:

Attn: Mr. Luis Claudio Montoro Mendes
Capital Consultoria e Assessoria Ltda.
Rua Silvia n° 110 – Cj. 52
Bela Vista, São Paulo – SP 01331-010, Brazil

With a copy to:

Attn: Annette C. Escobar
Cristina Vicens Beard
Sequor Law, P.A.
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131

which written notice shall set forth: (i) the nature of such property or proceeds; (ii) when and how such property or proceeds came into the custody, possession or control of such person or entity; and (iii) the full identity and contact information for such person or entity.

10.     Foreign Representative is authorized to examine witnesses, take evidence or seek the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Debtor or the Debtor's bankruptcy estate pursuant to §1521(a)(4), the Federal Rules of Bankruptcy Procedure, including without limitation the procedure of Fed. R. Bankr. P. 2004 and Local Rule 2004-1, without further order of this Court.

11.     Foreign Representative is further authorized to operate and may exercise the powers of a trustee under, and to the extent provided by 11 U.S.C. §§ 363 and 552.

12.     This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought

in and through this Chapter 15 case, and any request by any person or entity for relief from the provisions of this Order.

13.     This Court shall retain jurisdiction with respect to the administration, realization, and distribution of the assets of the Debtor within the territorial jurisdiction of the United States.

14.     Foreign Representative is directed to serve a true and correct copy of this Order by electronic filing via the CM/ECF system with the Clerk of Court upon those persons or entities who have appeared by counsel and requested electronic notification of filings in this case and United States mail, first class postage prepaid, upon any other known creditors in the United States, and any other person or entity known to have to have dominion and control over assets of the Debtor in the United States, all of which shall be sufficient to give notice of this Order.

15.     A motion to vacate or to dismiss this Order or otherwise object to recognition may be filed no later than the 60th day after the first date that any person or entity receives notice of this Order.

# # #

Submitted by:

Annette C. Escobar, Esq.
Cristina Vicens Beard, Esq.
SEQUOR LAW, P.A.
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131
Telephone: 305-372-8282
Facsimile: 305-372-8202
E-Mail: aescobar@sequorlaw.com
cvicens@sequorlaw.com

Annette C. Escobar shall serve a copy of this Order on all interested parties entitled to service and file a certificate of service thereafter.