

**ORDERED in the Southern District of Florida on October 31, 2017.**

              A. Jay Cristol, Judge
              United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 15 |
| MABE BRASIL ELETRODOMÉSTICOS LTDA. | Case No.: 17-21906-AJC |
| Debtor in a Foreign Proceeding. _____/ | |

**ORDER GRANTING RECOGNITION OF FOREIGN
MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517 OF
THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF**

This matter came on for hearing on October 25, 2017 ("Hearing"), upon the Verified Petition for Recognition of Foreign Main Proceeding Pursuant To §§1515 and 1517 and Request for Hearing ("Chapter 15 Petition") (D.E. 2), of Capital Administadora Judicial Ltda. as Foreign Representative, duly represented by Luis Claudio Montoro Mendes and Carolina Merizio Borges de Olinda ("Foreign Representative") of Mabe Brasil Eletrodomésticos Ltda. (the "Debtor"), seeking recognition and related relief pursuant to Chapter 15 of the Bankruptcy Code, of the

foreign bankruptcy proceeding of Debtor (the "Brazilian Proceeding") pending before the 2nd Lower Judicial Branch of Hortolândia, São Paulo (the "Brazilian Court") in São Paulo, Brazil.

The Court after reviewing the Chapter 15 Petition, its attachments, the Objection filed by Mr. Leandro Pontes [D.E. 5], the Foreign Representative's Response [D.E. 6], and the apostilled certificate of the Brazilian Court dated October 24, 2017 (the "Certificate") [D.E. 8]; and after considering the argument of counsel for all parties at the Hearing, the Court finds:

A.  Due and timely notice of the filing of the Chapter 15 Petition and the Hearing was given by the Foreign Representative as directed by this Court and

B.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

C.  Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

D.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

E.  Capital Administradora Judicial Ltda. qualifies as a "foreign representative" as defined in 11 U.S.C. §101(24).

F.  In light of the Certificate, Foreign Representative was authorized by the Brazilian Court to commence an action in the United States under Chapter 15 of the U.S. Bankruptcy Code and to engage professionals in connection with that action.

G.  This Chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504, 1515, 1517.

H.  Foreign Representative has met the requirements of 11 U.S.C. §§ 1515(b), 1515(c), 1515(d), and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

I.     The Brazilian Proceeding is a foreign proceeding under 11 U.S.C. §§ 101(23) and 1502(4).

J.     The Brazilian Proceeding is entitled to recognition by this Court under 11 U.S.C. § 1517.

K.     The Brazilian Proceeding is pending in São Paulo, Brazil.  Brazil is the country where Debtor has its center of main interests and, accordingly, the Brazilian Proceeding is a foreign main proceeding, under 11 U.S.C. § 1502(4), entitled to recognition as a foreign main proceeding under 11 U.S.C. § 1517(b)(1).

L.     Foreign Representative is entitled to all relief provided under 11 U.S.C. § 1520, without limitation.

M.     Foreign Representative is further entitled to the relief expressly set forth in 11 U.S.C. § 1521.

N.     The relief granted by this Order is necessary and appropriate, in the interests of public and international comity, consistent with the public policy of the United States, warranted pursuant to 11 U.S.C. § 1521 and will not cause any hardship to the creditors of the Debtor or other parties that is not outweighed by the benefits of the relief being granted.

Accordingly, it is ORDERED AND ADJUDGED that:

1.     The Objection of Leandro Levantese Pontes to the Petition for Recognition of Foreign Main Proceeding [D.E. 5] is **OVERRULED.**

2.     The Brazilian Proceeding is granted recognition as a "foreign main proceeding" under 11 U.S.C. § 1517.

3.     The Brazilian Proceeding, including the Orders of the Brazilian Court commencing the Brazilian Proceeding and appointing Foreign Representative as judicial administrator of Debtor

attached to the Chapter 15 Petition, and as referenced in the Certificate, shall be given full force and effect and be binding on and enforceable in the United States against all persons and entities.

4. Foreign Representative is entrusted with the full administration and realization of all or a part of the Debtor's bankruptcy estate and assets within the territorial jurisdiction of the United States.

5. Foreign Representative shall have the authority to act independently to carry out any of the duties and powers granted by this Order.

6. The provisions of 11 U.S.C. § 1520 apply, without limitation, to this proceeding.

7. All persons and entities are stayed from commencing or continuing any action or proceeding concerning the assets, rights, obligations or liabilities, of the Debtor or the Debtor's bankruptcy estate, located in the United States.

8. All persons and entities are stayed from executing against the assets, of the Debtor or the Debtor's bankruptcy estate, located in the United States.

9. All persons and entities are prohibited from transferring, encumbering or otherwise disposing of any assets, of the Debtor or the Debtor's bankruptcy estate, located in the United States.

10. All persons and entities provided notice of the Chapter 15 Petition and the Hearing thereon who are in possession, custody, or control of property, or the proceeds thereof, of the Debtor or the Debtor's bankruptcy estate, located within the territorial jurisdiction of the United States, shall immediately advise Foreign Representative by written notice sent to the following addresses:

Attn: Mr. Luis Claudio Montoro Mendes
Carolina Merizio Borges de Olinda
Capital Administradora Judicial Ltda.
Rua Silvia n° 110 – Cj. 52

Bela Vista, São Paulo – SP 01331-010, Brazil

With a copy to:

Attn: Gregory S. Grossman
Annette C. Escobar
Cristina Vicens Beard
Sequor Law, P.A.
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131

which written notice shall set forth: (i) the nature of such property or proceeds; (ii) when and how such property or proceeds came into the custody, possession or control of such person or entity; and (iii) the full identity and contact information for such person or entity.

11. Foreign Representative is authorized to examine witnesses, take evidence or seek the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Debtor or the Debtor's bankruptcy estate pursuant to §1521(a)(4), the Federal Rules of Bankruptcy Procedure, including without limitation the procedure of Fed. R. Bankr. P. 2004 and Local Rule 2004-1, without further order of this Court.

12. Foreign Representative is further authorized to operate and may exercise the powers of a trustee under, and to the extent provided by 11 U.S.C. §§ 363 and 552.

13. This Court shall retain jurisdiction with respect to the enforcement, amendment, modification, or termination of this Order, any requests for additional relief related to this Chapter 15 case, and any request by any person or entity for relief from the provisions of this Order.

14. This Court shall retain jurisdiction with respect to the administration, realization, and distribution of the assets of the Debtor within the territorial jurisdiction of the United States.

15. Foreign Representative is directed to serve a true and correct copy of this Order by electronic filing via the CM/ECF system with the Clerk of Court upon those persons or entities who have appeared by counsel and requested electronic notification of filings in this case and

United States mail, first class postage prepaid, upon any other known creditors in the United States, and any other person or entity known to have to have dominion and control over assets of the Debtor in the United States, all of which shall be sufficient to give notice of this Order.

16. A motion to vacate or to dismiss this Order or otherwise object to recognition may be filed no later than the 60th day after the first date that any person or entity receives notice of this Order; *provided*, *however*, notwithstanding anything contained in this Order to the contrary, the rights of any party in interest with respect to modification or termination of the relief provided under this Order are expressly preserved.

# # #

Submitted by:

Gregory S. Grossman, Esq.
Annette C. Escobar, Esq.
Cristina Vicens Beard, Esq.
SEQUOR LAW, P.A.
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131
Telephone: 305-372-8282
Facsimile: 305-372-8202
E-Mail: ggrossman@sequorlaw.com
 aescobar@sequorlaw.com
cvicens@sequorlaw.com

Annette C. Escobar shall serve a copy of this Order on all interested parties entitled to service and file a certificate of service thereafter.