Page 1

```
1                UNITED STATES BANKRUPTCY COURT
                  SOUTHERN DISTRICT OF FLORIDA
2                        MIAMI DIVISION

3

4

5
     IN RE:                           CASE NO. 17-21906-AJC
6                                     CHAPTER 15
     MABE BRASIL ELETRODOMESTICOS
7    LTDA.,

8           Debtor.
     _____/
9

10

11

12                            ECF# 2

13

14                      October 25, 2017

15

16          The above-entitled cause came on for hearing

17   before the Honorable A. JAY CRISTOL,  one of the Judges in

18   the  UNITED  STATES  BANKRUPTCY  COURT,  in  and  for  the

19   SOUTHERN DISTRICT OF  FLORIDA,  at 301 North Miami Avenue,

20   Miami,  Miami-Dade County,  Florida, on  October 25, 2017,

21   commencing  at  or  about  11:11 a.m., and  the  following

22   proceedings were had:

23

24       Transcribed from a Digital Audio Recording by:
              Margaret Franzen, Court Reporter
25
```

OUELLETTE & MAULDIN  COURT REPORTERS, INC.
(305) 358-8875

```
 1                     APPEARANCES:
 2
 3
         SEQUOR LAW, P.A., by
 4          GREGORY GROSSMAN, ESQUIRE
      CRISTINA VICENSBEARD, ATTORNEY-AT-LAW
 5    HENRIQUE RODRIGUEZ FORSSELL, ESQUIRE
            On behalf of the Debtor
 6
 7
 8             JONES DAY, by
           PEDRO JIMENEZ, ESQUIRE
 9     AMANDA PARRACRISTE, ATTORNEY-AT-LAW
          On behalf of LEANDRO PONTES
10
11
12             FOWLER WHITE, by
      ERIC ROSEN, ESQUIRE (Via CourtCall)
13    On behalf of Jobelpa USA, LLC; DO Paiol
     International, LLC; Camburi International, LLC
14
15
16                   ALSO PRESENT:
17
18      CAROLINA MERIZIO BORGES VEOLINDA
       ECRO - Electronic Court Reporting Operator
19
20                  - - - - - - -
21
22
23
24
25
```

1            THE COURT:  And that leaves just one more
2   matter on the calendar, I believe, that's Mabe Brazil
3   Eletrodomesticos Ltd.  Well, just -- just a second and
4   we'll get to that.
5            Okay.  Counsel may state their appearances.
6            MS. VICENSBEARD:  Good -- good morning,
7   Your Honor.
8            Cristina Vicensbeard, C-r-i-s-t-i-n-a, V as
9   in Victor-i-c-e-n-s-b-e-a-r-d, for the debtor,
10  Mabe Eletrodomesticos Limitada, M-a-b-e
11  E-l-e-t-r-o-d-o-m-e-s-t-i-c-o-s, L-t-d-a.  My colleague,
12  Gregory Grossman, G-r-o-s-s-m-a-n, is sitting next to me,
13  and behind me ---
14           THE COURT:  He's not sitting next to you,
15  he's --
16           MS. VICENSBEARD:  At the -- at the ---
17           THE COURT:  -- he's sitting far away from
18  you.
19           MS. VICENSBEARD:  I'm sorry, at the table.
20  Our Brazil -- the debtor's Brazilian counsel, Henrique
21  Rodriguez Forssell, that's spelled H-e-n-r-i-q-u-e
22  R-o-d-r-i-g-u-e-z F-o-r-s-s-e-l-l, and a representative of
23  the foreign representative, Ms. Carolina Merizio Borges
24  Veolinda, that's spelled C-a-r-o-l-i-n-a M-e-r-i-z-i-o
25  B-o-r-g-e-s V-e-o-l-i-n-d-a.

1  THE COURT: Very well. Out in telephone
2  land there's a report that there's a John Friedhoff there
3  for Jobelpa USA.
4  Are you out there, Mr. Friedhoff?
5  COURTCALL OPERATOR: Mr. Friedhoff did not
6  dial in.
7  THE COURT: Very well, not there.
8  How about Taylor Harrison for party,
9  Mergemarket? Mr. Taylor Harrison?
10 COURTCALL OPERATOR: They did not dial in
11 either.
12 THE COURT: Very well, let's keep on going.
13 Eric Rosen, are you out there?
14 MR. ROSEN: Yes, good -- I am. Good -- good
15 morning, Your Honor.
16 Eric Rosen from Fowler White. I'm here on
17 behalf of three clients, Jobelpa, and that's
18 J-o-b-e-l-p-a, USA, LLC; the second client is DO Paiol,
19 P-a-i-o-l, International, LLC; and the third client is
20 Camburi, C-a-m-b-u-r-i, International, LLC.
21 THE COURT: Very well, and you need to spell
22 your last name for the electronic recorder, Mr. Rosen.
23 MR. ROSEN: Sorry, I thought that one would
24 be easier. R-o-s-e-n.
25 THE COURT: Thank you, and let's see. Is

1    there anyone else out in telephone land?  Apparently not.
2                Then proceed, Ms. Vicensbeard, is it?
3                MS. VICENSBEARD:  Vicensbeard.
4                MR. JIMENEZ:  Your Honor, my -- my
5    apologies.  Did you want us to make an appearance before
6    we responded?
7                THE COURT:  Well, if anyone else is here,
8    they should appear at this time.
9                MR. JIMENEZ:  Good morning, Your Honor.
10               Pedro Jimenez, J-i-m-e-n-e-z, and
11   Amanda Parracriste, P-a-r-r-a-c-r-i-s-t-e, of Jones Day on
12   behalf of Leandro Pontes, L-e-a-n-d-r-o P-o-n-t-e-s.
13               THE COURT:  Very well.  Anyone else that
14   needs to appear that has not yet made an appearance?
15               Then, proceed, counsel.
16               MS. VICENSBEARD:  Your Honor, we are here on
17   the debtor's motion for recognition under Chapter 15.  I
18   will deal with the procedural requirements under
19   Chapter 15, for the record, and my colleague,
20   Mr. Grossman, is going to handle the objection filed by
21   Mr. Pontes on Monday afternoon.
22               In this case, recognition under Chapter 15
23   is proper because the foreign proceeding is a foreign main
24   proceeding; the debtor's center of main interest is in
25   Brazil, that is where the debtor's headquarters are

1  located, it's where they employ over a hundred employees,
2  they have two factories there; and it is where over 3,000
3  creditors have over $300 million of claims against the
4  debtor; that's also where the liquidation proceeding is
5  being carried out.
6              Second, the foreign representative, which is
7  represented by Ms. Merizio sitting behind me, is a person,
8  and she is with us; and number three, the petition that
9  was submitted meets the requirements under Section 1515
10 because it was accompanied by the order of the Brazilian
11 Court commencing the liquidation proceedings of the
12 debtor, appointing the foreign representative as the
13 judicial administrator, and it was also accompanied by the
14 statement of the foreign representative listing the --
15 the -- or stating that there are no foreign proceedings
16 with regards to the debtor and listing all the other
17 parties that are authorized to administer the proceedings
18 in Brazil.
19              THE COURT:  Very well.  The petition seems
20 to be in good order, but let's hear from the objection.
21              MR. JIMENEZ:  Thank -- thank you,
22 Your Honor.  Again, for the record, Pedro Jimenez of
23 Jones Day on behalf of Leandro Pontes.
24              Let's do this, let's knock out what we're
25 not contesting and we'll deal with what we are contesting.

1        THE COURT:  That sounds like a good idea.
2        MR. JIMENEZ:  We -- we are not contesting
3   that there is a liquidation proceeding pending in Brazil
4   with respect to the Chapter 15 debtor.  We are not
5   contesting that the entity, CAJ, was appointed by the
6   Court to act as the judicial administrator of that
7   proceeding.
8        What we are contesting, Your Honor, and I
9   have not seen any evidence to satisfy us that this
10  requirement has been satisfied, is that CAJ has authority
11  to commence a Chapter 15 case in the United States.
12       I understand from the foreign representative
13  or the purported foreign representative's response that
14  that's irrelevant, Your Honor, whether or not he has
15  authority doesn't matter for purposes of Chapter 15
16  recognition.  Your Honor, we -- we disagree with that.
17       Just like Your Honor would want to make sure
18  that a Chapter 11 debtor before you had the proper
19  corporate authority to file a Chapter 11 case, and I think
20  there's case law, and we can cite Your Honor to the
21  Comscape Telecommunications case at 423 B.R. 816,
22  Your Honor has discretion to dismiss a case if it's been
23  filed without proper authority.
24       We have seen zero evidence that, in fact,
25  this entity, CAJ, has been granted authority to commence a

1  Chapter 15 case before Your Honor.
2           From our standpoint, that authority can only
3  come from two sources, either one, the company could have
4  provided a resolution by the board granting CAJ authority
5  to have commenced a Chapter 15 case, and I don't think the
6  foreign representative or the purported foreign
7  representative has said that that has happened; or two,
8  that authority has been granted by the court overseeing
9  the Brazilian proceeding.
10          Now, they -- they attached a declaration,
11 Your Honor, of one of the members of CAJ, Luis Claudio
12 Montoro (phonetic), and in that declaration, Your Honor,
13 he says at Paragraph 6 that his authority comes from an
14 order that was granted by the Brazilian Court on
15 September 18, 2017.
16          That order, Your Honor, however, is not
17 attached to his declaration, it's not attached to the
18 petition that the purported foreign representative filed
19 in -- in connection with the Chapter 15 case and, in fact,
20 Your Honor, when we learned about the Chapter 15 case, we
21 conducted our own diligence of whether or not this order
22 existed or not, and we couldn't find the order,
23 Your Honor.
24          We called the clerk's office in the
25 Brazilian Court, we were told that there was no such order

1   and, therefore, we filed our objection on Monday, timely
2   filed it on Monday, and basically setting forth our
3   position, which is, Your Honor, there's nothing for you to
4   hear.
5               In fact, if anything, you should dismiss the
6   petition because this individual, this entity, CAJ, is
7   acting without any authority to have commenced the
8   Chapter 15 case.
9               THE COURT:  Thank you, sir.
10              First let's ask Mr. Grossman to comment on
11  the order.  Is there such an order?
12              MR. GROSSMAN:  Your Honor, Greg Grossman on
13  behalf of the foreign representative.
14              Yes, when Mister ---
15              THE COURT:  Okay.  Then that makes it very
16  simple.  We go in the following fashion --
17              MR. GROSSMAN:  Your Honor -- Your Honor --
18              THE COURT:  -- we'll ---
19              MR. GROSSMAN:  -- I do want to be clear,
20  though.  We filed a response to the objection.  The
21  objection was filed on Monday.
22              THE COURT:  Yes.
23              MR. GROSSMAN:  We filed a response
24  yesterday, and ---
25              THE COURT:  Well, I didn't get to see that.

1            MR. GROSSMAN:  I have it, and I can -- I can
2    hand it up.
3            This is very simple, we went to the
4    Brazilian Court and we asked the court clerk to issue a
5    certificate advising that there is, in fact, an order,
6    and, in fact, that certificate is attached, they have it.
7    I sent it to them.  We've had a conversation about it.
8            The issue they've raised is that it's not
9    the order of the Judge, that it's a certificate, okay.
10   The order is under seal.  The order is non-public, which
11   is why we have a certificate, and so that you ---
12           THE COURT:  And what does -- what does the
13   certificate say?  Does it say ---
14           MR. GROSSMAN:  The certificate, I have it,
15   it's been translated.  I can hand it up.
16           THE COURT:  All right.
17           MR. GROSSMAN:  It's very short.
18           THE COURT:  Please pass it up.
19           MR. GROSSMAN:  If I may?
20           THE COURT:  Thank you, Marshal.
21           MR. GROSSMAN:  You're going to want to go to
22   the back, Judge, where it's in English.
23           THE COURT:  I'm looking at that, and it's
24   fairly lengthy.  My question to you is:  Does it say that
25   there is authority or what ---

1  MR. GROSSMAN: Yes, Judge. If you look on
2  that -- on the -- on the -- there's a heading that says
3  procedural status about three quarters of the way down on
4  the first page in English.
5  THE COURT: Well, I'm looking, subject
6  matter and status certificate, certifies bankruptcy,
7  amounts in dispute, capital, subject matter, the action --
8  no, I haven't found it yet, but ---
9  MR. GROSSMAN: It's the next one, Judge,
10  procedural status.
11  THE COURT: Procedural status. Okay.
12  MR. GROSSMAN: You see it says, decision
13  rendered on September 17, 2017.
14  THE COURT: Yeah.
15  MR. GROSSMAN: That's the date that
16  Mr. Jimenez has just referred to you.
17  THE COURT: Okay.
18  MR. GROSSMAN: That paragraph describes --
19  this is the clerk of the court saying that there was a
20  decision --
21  THE COURT: Yes.
22  MR. GROSSMAN: -- and if you go down, it
23  says all of the things that they are complaining about
24  have been authorized. The filing, it says for purpose of
25  filing a petition for auxiliary bankruptcy in the

1  United States of America, appointing -- appointment of
2  international representatives of the bankrupt estate
3  represented by the partners of Capital Administradora
4  Judicial, et cetera.
5              THE COURT:  Okay.  Let's stop here and let
6  me say this, the order says what it says.  I haven't got
7  time to go into a full scale hearing right now.
8              I'm going to ask you and Mr. Jimenez to
9  confer, and in the next five days, either submit an order
10 overruling the objection, if that's what you agree upon,
11 and -- and granting the motion for recognition or both
12 parties submit proposed orders on the issue, if you're not
13 in agreement.
14             MR. GROSSMAN:  Perfect.  Thank you,
15 Your Honor.  It works for us.
16             THE COURT:  So does that work for you,
17 Mr. Jimenez?
18             MR. JIMENEZ:  It does, Your Honor.
19             THE COURT:  Do you need more than five days?
20             MR. JIMENEZ:  If I could have 30 seconds
21 more of your time, I know you're ---
22             THE COURT:  You can have a minute.
23             MR. JIMENEZ:  Thank you, Your Honor.
24             So -- so let's -- let's be clear,
25 Your Honor, for the record.  What's been submitted to you,

1  we object to any admissibility of this document.  It's not
2  certified, it's not authenticated, it's something from the
3  clerk's office.
4              THE COURT:  All right.  As I said, you
5  work -- you discuss it with Mr. Grossman.  If you don't
6  agree, then you'll submit competing orders, and the
7  competing orders should come in within seven days --
8              MR. JIMENEZ:  That -- that's fine,
9  Your Honor.  We do --
10             THE COURT:  -- of your disagreement.
11             MR. JIMENEZ:  -- we do object to the
12 admissibility of the document.  So to the extent he showed
13 it to you, that's fine.
14             THE COURT:  Well, we haven't admitted
15 anything, that's why I said you two can confer on it.
16             If you do not agree, then we'll -- it may be
17 necessary to have competing orders or even an evidentiary
18 hearing, but quite frankly, I think you've got a loser
19 there.
20             MR. JIMENEZ:  Thanks.
21             THE COURT:  In any event, we'll adjourn and
22 thank you all.
23             MR. GROSSMAN:  Thank you, Your Honor.
24             (Thereupon, the hearing was concluded.)
25

```
 1
 2
 3                      CERTIFICATION
 4
 5   STATE OF FLORIDA       :
 6   COUNTY OF MIAMI-DADE   :
 7
 8            I, Margaret Franzen, Court Reporter and
 9   Notary Public in and for the State of Florida at Large, do
10   hereby certify that the foregoing proceedings were
11   transcribed by me from a digital recording held on the
12   date and from the place as stated in the caption hereto on
13   Page 1 to the best of my ability.
14            WITNESS my hand this 1st day of November
15   2017.
16
17
18            _____
19                      MARGARET FRANZEN
20            Court Reporter and Notary Public
              in and for the State of Florida at Large
21                   Commission #FF100898
                        April 14, 2018
22
23
24
25
```